534 So.2d 828 (1988)
Michael J. FRANKLIN, Appellant,
v.
PALM BEACH COUNTY, Appellee.
No. 87-3157.
District Court of Appeal of Florida, Fourth District.
November 30, 1988.
Edward Campbell of Kingcade & Campbell, P.A., West Palm Beach, for appellant.
Christopher D. Mauriello of the Office of the County Atty., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Michael J. Franklin, seeks reversal of a final order that dismissed his complaint with prejudice for the reason that Franklin failed to comply with the notice requirements of section 768.28(6)(a), Florida Statutes (1985), prior to initiating this action.
It appears that Franklin sustained injuries while driving his motorcycle on State Road A1A in Jupiter, Florida, when he was struck by a van pulling out from an adjacent strip of land. Charles Clowdus, a *829 passenger on the motorcycle, was also injured.
On February 8, 1985, appellant and Clowdus sent a joint notice of claim to the county by certified mail, pursuant to section 768.28(6)(a). Copies of the notice were also mailed to the State of Florida Department of Insurance and Department of Transportation. The Notice of Claim was headed: "IN RE: JOINTLY AND SEVERALLY, CHARLES CLOWDUS & MICHAEL FRANKLIN." However, the body of the notice of claim made reference only to Clowdus.
By amended complaint, Franklin sued the Department of Transportation and Palm Beach County seeking damages for his injuries. That complaint alleged compliance with the notice requirement of section 768.28(6)(a).[1] However, the county moved to dismiss the complaint, contending that no notice had ever been afforded the county that Franklin had made any claim against it arising out of the alleged accident. From a final order dismissing the complaint with prejudice, Franklin has perfected this appeal.
The issue presented for our resolution is whether the notice actually given to the appellees substantially complies with the statutory requirements in question.
We begin with the recognition that the legislature, in mandating notice as a condition precedent to the commencement of suit under the waiver of sovereign immunity section of Chapter 768, failed to provide any particular format for said notice. Section 768.28(6)(a) provides only that the claimant present the claim in writing to the appropriate agencies within three years after the claim accrues. Therefore, as the court stated in Whitney v. Marion County Hospital District, 416 So.2d 500, 502 (Fla. 5th DCA 1982),
[s]ince section 768.28(6) does not specify the form or manner of submitting the claim, except that it be in writing, it follows that any manner of submitting a written notice of the claim to the agency involved that sufficiently describes or identifies the occurrence so that the agency may investigate it, satisfies the statute.
The notice involved here advises the agencies that the subject matter at hand involves Charles Clowdus (the passenger) and Michael Franklin. The notice then describes the accident location and date and informs them that the writer represents Charles Clowdus for injuries sustained in the accident. The failure to include Franklin's name at that point was an oversight. However, the purpose of the notice had been fulfilled. The agencies were on notice of an accident, its time and location and that injuries were suffered and a claim was being made. Thus, no prejudice could be asserted from the oversight regarding Franklin.
The County relies upon Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), for the proposition that the requirements of this statute, being a part of the statutory waiver of sovereign immunity, must be strictly construed. While we honor that admonition, we believe it inapplicable to the facts of this case. The Levine court was dealing with a failure of notice to the Department of Insurance as required. We are dealing here with the adequacy of the notice as given and find it adequate under the circumstances.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
HERSEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Section 768.28(6)(a) provides in pertinent part:

(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing... .