PER CURIAM.
This is an appeal from a final order of dismissal. We affirm.
Appellants sued the State of Florida Department of Transportation (DOT) for damages allegedly arising from a dangerous condition of a road owned and maintained by the DOT. The trial court dismissed the case with prejudice on the ground that the plaintiffs had failed to give the notice required by section 768.28(6), Florida Statutes, prior to filing suit.
Appellant Mary Lecuyer was injured on November 7, 1983, when her automobile allegedly went out of control because of a dangerous condition of a road owned and maintained by the DOT. Appellants’ vehicle, which was damaged, was insured by Nationwide. In February of 1984 Nationwide wrote a letter to the DOT informing the DOT that it had paid for the damage to appellants’ vehicle, that it was subrogated to the rights of the appellants, and that it was making a claim against the DOT for the damage. Nationwide enclosed a copy of the seven-page accident report which showed that a person involved in this one-car accident was injured and taken to the hospital. On March 9, 1984, the DOT wrote to Nationwide advising it that the *721 DOT had instituted an inquiry to determine the facts of the accident and the DOT’S liability. On April 25, 1984, the DOT advised Nationwide by letter that it had turned the claim over to the Florida Department of Insurance. On September 17, 1985, Nationwide sent a letter to the Florida Department of Insurance (to which was attached a police report of the accident) stating that the accident was caused by the negligence of the DOT, that Nationwide was subrogated to the rights of its insured, Richard Lecuyer, and that Nationwide’s damages were $5,824.69.
The trial court dealt with the issue of whether Nationwide’s notice to the DOT was sufficient to constitute appellants’ compliance with section 768.28(6), Florida Statutes, a condition precedent to appellants bringing suit against the DOT. The trial court held it was insufficient and dismissed the action with prejudice. We agree. See Levine v. Dade County School Board, 442 So.2d 210, 212-13 (Fla.1983), Mrowczynski v. Vizenthal, 445 So.2d 1099 (Fla. 4th DCA 1984), and Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla.1988).
The present case is factually distinguishable from Franklin v. Palm Beach County, 534 So.2d 828 (Fla. 4th DCA 1988).
GLICKSTEIN and STONE, JJ., and POLEN, MARK E., Associate Judge, concur.