L.S.T. INC., individually and
dba Kokomo, etc., et al.,
Plaintiffs,

v.

Lawrence CROW, Sheriff of Polk County,
etc., et al., individually and in their
official capacities, Defendants.

No. 90–1483–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 5, 1993.

Richard D. Mars, Bartow, FL, for plaintiffs.

Charles T. Canady, Donald Gunnar Jacobsen, Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, FL, Lawrence David Shearer, McDonald & Shearer, Lakeland, FL, for defendants.

William Haynes, pro se.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

1. Motion to dismiss by the Defendants, Lawrence Crow, et al., claims of conspiracy asserted by Plaintiffs to have arisen under 42 U.S.C. § 1985 (Docket No. 87–1);

2. Motion by the Defendants, Lawrence Crow, et al., to dismiss the claims for deprivation of privileges and immunities of the Second and Third Counts as to Plaintiff, L.S.T., Inc. (Docket No. 87–1);

3. Motion by the Defendants, Lawrence Crow, et al., to dismiss the claims of denial of the right to assemble asserted by the Plaintiffs in the First Count (Docket No. 87–1);

4. Motion by the Defendants, Lawrence Crow, et al., to dismiss the defamation claims of the Thirteenth Count of the Plaintiffs' Complaint (Docket No. 87–1);

5. Motion by the Defendants, Lawrence Crow, et al., to dismiss the allegation of negligence contained in Paragraph One (1) of the Jurisdiction section of the Plaintiffs' Complaint (Docket No. 87–1);

6. Motion by the Defendants, Lawrence Crow, et al., to dismiss the pendant state claims of Plaintiffs, L.S.T. Inc., Miller, Upthegrove, Hadden and Galvez for failure to comply with the notice requirements of Florida Statutes, section 768.-28(6)(a) (Docket No. 87–1);

7. Motion by the Defendants, Lawrence Crow, et al., to dismiss the claims of tortious interference with business of the Twelfth Count as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a) (Docket No. 87–1);

8. Motion by the Defendants, Lawrence Crow, et al., to dismiss the claims of lost profits of the Twelfth Count as to Plaintiffs, Steve Adams and Harvey Adams for lack of standing (Docket No. 87–1);

9. Motion by the Defendants, Lawrence Crow, et al., to dismiss the false imprisonment and malicious prosecution claims of the Sixth, Seventh and Eight Counts of the Plaintiffs' Complaint (Docket No. 87–1);

10. Motion by the Defendants, Lawrence Crow, et al., to dismiss the false imprisonment and malicious prosecution claims of the Fourth and Tenth Counts of the Plaintiffs' Complaint (Docket No. 87–1);

11. Motion by the Defendants, Lawrence Crow, et al., for summary judgment on the claim of a policy, custom or practice to violate the Plaintiffs' civil rights of the First, Second and Third Counts (Docket No. 87–2);

12. Motion by the Defendants, Lawrence Crow, et al., for summary judgment on the claims of false imprisonment and malicious prosecution of the Fourth through Eleventh Counts of the Plaintiffs' Complaint (Docket No. 87–2);

13. Motion by the Defendants, Lawrence Crow, et al., to strike Plaintiffs' response to Defendants' motion for summary judgment (Docket No. 90);

14. Motion by the Defendants, Lawrence Crow, et al., for hearing on their motion for summary judgment (Docket No. 91);

15. Motion by the Defendants, Lawrence Crow, et al., to continue the filing of all dispositive motions until June 30, 1993 (Docket No. 85);

16. Motions by Defendant, William Haynes, to:

  A. Dismiss the claims of conspiracy asserted by Plaintiffs to have arisen under 42 U.S.C. § 1985 (Docket No. 88–1);

  B. Dismiss the claims of deprivation of privileges and immunities of the First, Second and Third Counts as to Plaintiff, L.S.T., Inc. (Docket No. 88–1);

  C. Dismiss the claims of Plaintiff, L.S.T., Inc., for lack of jurisdiction (Docket No. 88–1);

D. Dismiss the claim of denial of the right to assemble asserted by the Plaintiffs in the First Count (Docket No. 88–1);

E. Dismiss the pendant state claims of Plaintiff, Galvez for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a) (Docket No. 88–1);

F. Dismiss the claims of tortious interference with business of the Twelfth Count as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.-28(6)(a) (Docket No. 88–1);

G. Dismiss the claims of the Twelfth Counts as to Plaintiffs, Steve Adams and Harvey Adams for lack of standing (Docket No. 88–1);

H. Dismiss the defamation claims of the Thirteenth Count of the Plaintiffs' Complaint (Docket No. 88–1);

I. Dismiss the allegation of negligence contained in Paragraph One (1) of the Jurisdiction section of the Plaintiffs' Complaint (Docket No. 88–1);

J. Summary judgment on the claim of a policy, custom or practice to violate the Plaintiffs' civil rights of the First, Second and Third Counts (Docket No. 88–2);

K. Summary judgment on the claims of false imprisonment, malicious prosecution and battery of the Eleventh Count of the Plaintiffs' Complaint (Docket No. 88–2).

The Court notes that Defendants, Lawrence Crow, et al., and Defendant, William Haynes, have each filed separate motions entitled: motion to dismiss, or in the alternative, motion for summary judgment. Although so entitled, each motion has distinct sections requesting dismissal and summary adjudication respectively. Therefore, for the purposes of this Order, the Court shall consider the motions to dismiss and the motions for summary judgment as distinct motions. Additionally, for the purposes of this Order, the motions of all Defendants will be considered together unless otherwise indicated.

Plaintiffs assert jurisdiction of this Court pursuant to their claims against Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. In addition to the federal claims, Plaintiffs assert several Florida state law claims pursuant to this Court's pendant jurisdiction over claims arising from a common nucleus of operative facts as the federal claims.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Additionally, when considering a motion to dismiss, a court must consider the plaintiff's allegations as true. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

1. Defendants allege that the claims of conspiracy to deny Plaintiffs of various constitutional and federal rights must be dismissed for failure to state a claim under 42 U.S.C. § 1985. Plaintiffs have alleged, but failed to plead, that the claims advanced in the Third Count fall under the jurisdiction of 42 U.S.C. § 1985. In its Order of September 12, 1991, this Court granted Plaintiffs "twenty (20) days to amend their Complaint regarding any claims that may have arisen under 42 U.S.C. § 1985." Plaintiffs have failed to make such an amendment. Therefore, the Court grants Defendants' motion to dismiss any and all claims which may have arisen under 42 U.S.C. § 1985. As such, the Court finds it unnecessary to address whether Plaintiffs possessed a cognizable action under 42 U.S.C. § 1985.

2. Defendants assert that Plaintiff, L.S.T., Inc., is not a "citizen" for the purposes of the privileges and immunities clause, and thus lacks standing to bring an action for the deprivation of rights arising thereunder.

In *Hague v. Committee for Industrial Organization,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), the Court held that only natural persons are entitled to the rights guaranteed by the privileges and immunities clause of the Fourteenth Amendment. As a Florida corporation, Plaintiff, L.S.T., Inc., is not a natural person as defined in *Hague.* Accordingly, the Court grants the Defendants' motion to dismiss the claims of Plaintiff, L.S.T., Inc., for failing to state a claim cognizable under 42 U.S.C. § 1983 regarding this issue.

■ 3. Defendants assert that Plaintiffs have failed to plead sufficient facts to support a claim of denial of the right to assemble in the First Count, and thus, the Court should dismiss the claim. The Court agrees. In *Thomas v. Collins,* 323 U.S. 516, 530, 65 S.Ct. 315, 322, 89 L.Ed. 430, *reh'g denied,* 323 U.S. 819, 65 S.Ct. 557, 89 L.Ed. 650 (1945), the Court held that the rights of free speech and press, and the right to peaceably assemble and petition for redress of grievances were inseparable, cognate rights united under the First Amendment. Regarding the right to assemble, the Plaintiffs' sole allegation is contained in Paragraph Fourteen (14) of the First Count, and states: "plaintiffs have been deprived of their right to assemble ... to wit: the patrons and visitors establishing plaintiff's clientele." Plaintiffs have failed to support this claim with any other factual allegations qualifying the alleged deprivation as protected by the First Amendment. In civil rights actions, conclusory allegations are insufficient to withstand a motion to dismiss absent specific factual allegations. *See, e.g., Cohen v. Illinois Institute of Technology,* 581 F.2d 658 (7th Cir.), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). Further, although Plaintiffs have filed a memorandum in opposition to Defendants' multi-issued motion to dismiss, Plaintiffs have not opposed the pending motion on this issue. Accordingly, the Court grants Defendants' motion to dismiss any and all claims regarding the denial of the right to assemble.

4. Defendants allege that the Thirteenth Count for defamation should be dismissed for failure to state a claim under 42 U.S.C. § 1983. However, the Thirteenth Count is a state claim arising from a common nucleus of operative fact over which this Court asserted pendant jurisdiction in its Order of September 12, 1991. Further, Plaintiffs have not alleged that Defendants' defamatory acts deprived them of any right secured by the Constitution or laws of the United States. Thus, Defendants' motion to dismiss this issue for failure to state a cognizable claim under § 1983 is inappropriate. As such, the Court denies Defendants' motion on this issue.

■ 5. Defendants assert that the pendant state claims of Plaintiffs, L.S.T. Inc., Miller, Upthegrove, Hadden and Galvez must be dismissed for failure to provide written notice of intent to sue a governmental agency as required by Florida Statutes, section 768.-28(6)(a) (1989). In a letter dated May 1, 1990, Plaintiffs, S. Adams, H. Adams, Morris and Hysell notified the Polk County Sheriff's Office, the Polk County Attorney and the Florida Department of Insurance of their intent to sue and of the factual basis therefore. Florida Statutes, section 768.28(6)(a) does not specify the form of the requisite written notice, and as such, written notice which sufficiently describes the occurrence so as to enable the Department of Insurance to investigate, satisfies the statute. *Franklin v. Palm Beach County,* 534 So.2d 828 (Fla. 4th DCA 1988); *Metropolitan Dade County v. Coats,* 559 So.2d 71 (Fla. 3d DCA 1990). If such notice effectively describes the occurrence or occurrences giving rise to the distinct causes of action, plaintiffs not specifically named in the written notice are not precluded from maintaining an action. *Coats,* 559 So.2d at 72–73; *Chandler v. Novak,* 596 So.2d 749, 751 (Fla. 3d DCA 1992). The Court finds that Plaintiffs' letter of May 1, 1990, sufficiently constitutes notice under Florida Statutes, section 768.28(6)(a). Except for the claims of Plaintiff, Galvez, of the Eleventh Count, the governmental agencies were on notice of the dates, place and nature of the occurrences, and the alleged harassment by the Polk County Sheriff's Office which ultimately gave rise to this action. Plaintiffs' letter of May 1, 1990 afforded the Department of Insurance an opportunity to investigate the allegations of harassment by

the Polk County Sheriff's Office. Further, the governmental agencies have failed to show any resulting prejudice precluding timely investigation from the lack of separate notice. Accordingly, the Court denies the Defendants' motion to dismiss regarding Plaintiffs, L.S.T. Inc., Miller, Upthegrove and Hadden. Alternatively, Plaintiff, Galvez's causes of action arose on May 6, 1990, five days subsequent to the Plaintiffs' letter of May 1 1990. Thus, Plaintiffs' letter of May 1, 1990, did not serve to provide notice or allow the Department of Insurance to investigate this occurrence. Accordingly, Plaintiff, Galvez's claims for false imprisonment, malicious prosecution and battery of the Eleventh Count are dismissed for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a).

6. Defendants assert that the claims of tortious interference with business of the Twelfth Count should be dismissed as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a). The Court incorporates the explanation delineated in the preceding paragraph and denies Defendants' motion on the same grounds.

7. Defendants assert that the claims of lost profits resulting from the alleged tortious interference with business of the Twelfth Count should be dismissed as to Plaintiffs, Steve Adams and Harvey Adams for lack of standing. As basis therefore, Defendants allege that said Plaintiffs lack a legally protectable interest in the business of L.S.T. Inc., d/b/a Kokomo. Under Florida law, the essential elements of tortious interference are: the existence of a business relationship under which the plaintiff has rights; an intentional and unjustified interference with such a relationship; and resulting damages. *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526 (11th Cir.1985). In the Complaint, Plaintiffs allege that Plaintiff, Harvey Adams was the owner/lessor of the real property utilized by Kokomo, and that Plaintiff, Steve Adams was the manager of Kokomo. The Court finds that Plaintiffs, Steve Adams and Harvey Adams have met the pleading requirements of this claim. The existence and extent of damages from lost profits resulting from the alleged tortious interference are questions properly answered by the trier of fact. Thus, the Court denies Defendants' motion to dismiss on this issue.

8. Defendants assert that in Paragraph One (1) of the Jurisdiction section of the Complaint, Plaintiffs' allegation of negligence should be dismissed for failure to state a claim under 42 U.S.C. § 1983. Defendants cite federal cases which stand for the proposition that negligent conduct by a government official is not a basis for liability under § 1983. Plaintiffs have not alleged, however, that any negligent act on behalf of the Defendants has served to deprive them of any right secured by the Constitution or laws of the United States in the federal claims of the First, Second and Third Counts. The only allegation of negligence is contained in Paragraph One (1) of the Plaintiffs' jurisdictional allegations. As such, the Court denies the Defendants' motion to dismiss the allegation of negligence for failure to state a claim under § 1983.

9. Defendants allege that the claims for false imprisonment and malicious prosecution contained in the Sixth through Eighth Counts should be dismissed. As basis therefor, Defendants assert that probable cause existed for the arrests from which these charges flow, and thus, they are entitled to a qualified immunity from liability under 42 U.S.C. § 1983. Defendants cite case law which stands for the proposition that police officers who have probable cause to make an arrest enjoy a qualified immunity from liability for alleged violations of federally or constitutionally protected rights resulting from such arrest. The claims of false imprisonment and malicious prosecution contained in the Sixth through Eighth Counts are state claims arising from a common nucleus of operative fact over which this Court asserted pendant jurisdiction in its Order of September 12, 1991. In the aforementioned Counts, Plaintiffs have not alleged that Defendants' acts deprived them of any right secured by the Constitution or laws of the United States. Thus, Defendants' motion to dismiss is inappropriate. As such, the Court denies Defendants' motion on this issue.

10. Defendants allege that the claims for false imprisonment and malicious prosecution contained in the Fourth and Tenth Counts should be dismissed based on the presence of probable cause for the arrests from which these charges flow. The Court incorporates the explanation delineated in the preceding paragraph and denies the Defendants' motion on the same grounds.

11. Defendants move for summary judgment on the issue of the existence of a policy, custom, and practice on the Defendants' behalf which served to violate the Plaintiffs' civil rights. A court should grant summary judgment only when the moving party has sustained its burden of showing the absence of any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Defendants have filed supporting affidavits in conjunction with their motion. Rule 56(e) of the Federal Rules of Civil Procedure requires that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Plaintiffs have filed a memorandum in opposition, but have not filed opposing affidavits or referenced any documents which satisfy the requirements of Rule 56. A nonmoving party cannot defeat a valid motion for summary judgment by merely restating the allegations contained in the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, legal memorandums are not sufficient to create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airway Bd. v. Boeing Co.*, 585 F.2d 946 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 *reh'g denied*, 441 U.S. 968, 99 S.Ct. 2420, 60 L.Ed.2d 1074 (1979). As such, the Court finds that Plaintiffs have failed to meet the requirements of Rule 56(e),

and accordingly grants Defendants' motion for summary judgment on this issue.

12. Defendants move for summary judgment on the charges of false imprisonment and malicious prosecution. As basis therefor, Defendants assert that probable cause existed for the arrests of April 15, 1990 and May 6, 1990, and as such, Defendants are entitled to a qualified immunity from liability under 42 U.S.C. § 1983. Defendants cite case law which stands for the proposition that police officers who have probable cause to make an arrest enjoy a qualified immunity from liability for alleged violations of federally or constitutionally protected rights resulting from such arrest. *See, e.g., Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). The claims of false imprisonment and malicious prosecution contained in the Fourth through Eleventh Counts are state claims arising from a common nucleus of operative fact over which this Court asserted pendant jurisdiction in its Order of September 12, 1991. In the aforementioned Counts, Plaintiffs have not alleged that Defendants' acts deprived them of any right secured by the Constitution or laws of the United States. Thus, the Defendants' motion for summary judgment regarding this issue is inappropriate. As such, the Court denies Defendants' motion on this issue.

13. Defendants move to strike Plaintiffs' response to Defendants' motion to dismiss, or, in the alternative, motion for summary judgment. As stated above, the Court has treated Defendants' motion as separate motions for dismissal and for summary judgment respectively. As basis for their motion, Defendants correctly assert that Plaintiffs have failed to file opposing affidavits or other documents which satisfy the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. In this Order, the Court granted Defendants' motion concerning the existence of a policy, custom or practice to deny Plaintiffs their civil rights. *See supra.* Alternatively, the Court has denied Defendants' motion for summary judgment regarding the claims of false imprisonment and malicious prosecution. *See supra.* As such, the Court has ruled on all issues addressed in Defendants' motion for summary judgment. Thus,

**1362**

the Court denies Defendants' motion to strike Plaintiffs' response as moot.

14. Defendants petition this Court for a hearing on their motion for summary judgment. As discussed above, the Court has disposed of these issues in this Order. As such, the Court denies Defendants' motion for hearing as moot.

15. Defendants move to continue the filing of dispositive motions until June 30, 1993. The requested date of continuance for filing such motions has already expired as of the date of this Order. Accordingly, the Court denies Defendants' motion as moot.

16. This Court incorporates the above arguments in regard to Defendant, William Haynes' motions:

A. Defendant, William Haynes, moves to dismiss the claims of conspiracy asserted by Plaintiffs to have arisen under 42 U.S.C. § 1985. For the reasons stated above, Defendant, William Haynes' motion on this issue is granted.

B. Defendant, William Haynes, moves to dismiss the claims of Plaintiff, L.S.T., Inc., regarding deprivation of privileges and immunities protected by the Constitution. For the reasons stated above, the Court grants the Defendant, William Haynes' motion to dismiss this issue.

C. Defendant, William Haynes, moves to dismiss the claims of Plaintiff, L.S.T., Inc., for lack of jurisdiction. As a basis therefore, Defendant, William Haynes, asserts that since the Plaintiff, L.S.T., Inc., lacks standing to bring an action for infringement of privileges and immunities, then this Court lacks jurisdiction over the claims incorporated in the First, Second and Third Counts, and also over the pendant state claims of the Twelfth and Thirteenth Counts. Although a corporate entity lacks standing under 42 U.S.C. § 1983 regarding violations of privileges and immunities, a corporation does possess standing under the statute for violations of other constitutionally protected rights. *See, e.g., California Diversified Promotions, Inc. v. Musick,* 505 F.2d 278 (9th Cir.1974). Further, in its Order of September 12, 1991, this Court found that *all* Plaintiffs had met the pleading requirements of 42 U.S.C. § 1983 in the First, Second and Third Counts. Therefore, the Court denies the motion to dismiss by Defendant, William Haynes, on this issue.

D. Defendant, William Haynes, moves to dismiss the claim of denial of the right to assemble asserted by Plaintiffs in the First Count. For the reasons stated above, the Court grants the Defendant, William Haynes' motion for dismissal on this issue.

E. Defendant, William Haynes, moves to dismiss the claims of false imprisonment, malicious prosecution and battery asserted by Plaintiff, Galvez, in the Eleventh Count for failure to provide written notice as required by Florida Statutes, section 768.28(6)(a). For the reasons stated above, the Court grants the Defendant, William Haynes' motion on this issue.

F. Defendant, William Haynes, moves to dismiss the claims of tortious interference with business of the Twelfth Count as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a). For the reasons stated above, the Court denies the Defendant, William Haynes' motion on this issue.

G. Defendant, William Haynes, moves to dismiss the claims of the Twelfth Counts as to Plaintiffs, Steve Adams and Harvey Adams, for lack of standing. For the reasons stated above, the Court denies the Defendant, William Haynes' motion on this issue.

H. Defendant, William Haynes, moves to dismiss the defamation claims of the Thirteenth Count of the Plaintiffs' Complaint. For the reasons stated above, the Court denies the Defendant, William Haynes' motion on this issue.

I. Defendant, William Haynes, moves to dismiss the allegation of negligence contained in Paragraph One (1) of the Jurisdiction section of the Plaintiffs' Complaint. For the reasons stated above, the Court denies the Defendant, William Haynes' motion on this issue.

J. Defendant, William Haynes, moves for summary judgment on the claim of a policy, custom or practice by the Defendants to

violate the Plaintiffs' civil rights of the First, Second and Third Counts. For the reasons stated above, the Court grants the Defendant, William Haynes' motion on this issue.

K. Defendant, William Haynes, moves for summary judgment on the claims of false imprisonment, malicious prosecution and battery of the Eleventh Count of the Plaintiffs' Complaint. For the reasons stated above, the Court denies the Defendant, William Haynes' motion on this issue. Accordingly, it is

**ORDERED** that Defendants' motion to dismiss any and all claims of conspiracy asserted by Plaintiffs to have arisen under 42 U.S.C. § 1985 is **granted;** it is further

**ORDERED** that Defendants' motion to dismiss the claims of deprivation of privileges and immunities of the Second and Third Counts as to Plaintiff, L.S.T., Inc., is **granted;** it is further

**ORDERED** that Defendants' motion to dismiss the claims of denial of the right to assemble asserted by Plaintiffs in the First Count is **granted;** it is further

**ORDERED** that Defendants' motion to dismiss the defamation claims of the Thirteenth Count is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the allegation of negligence contained in Paragraph One (1) of the Jurisdiction section of the Plaintiffs' Complaint is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the pendant state claims of Defendants, L.S.T. Inc., Miller, Upthegrove and Hadden for failure to provide written notice as required by Florida Statutes, section 768.-28(6)(a) is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the pendant state claims of Defendant, Galvez, for failure to provide written notice as required by Florida Statutes, section 768.28(6)(a) is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the claims of tortious interference with business of the Twelfth Count as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a) is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the claims of lost profits of the Twelfth Count as to Plaintiffs, Steve Adams and Harvey Adams for lack of standing is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the false imprisonment and malicious prosecution claims of the Sixth, Seventh and Eighth Counts is **denied;** it is further

**ORDERED** that Defendants' motion to dismiss the false imprisonment and malicious prosecution claims of the Fourth and Tenth Counts is **denied;** it is further

**ORDERED** that Defendants' motion for summary judgment on the claim of a policy, custom or practice to violate the Plaintiffs' civil rights of the First, Second and Third Counts is **granted;** it is further

**ORDERED** that Defendants' motion for summary judgment on the claims of false imprisonment and malicious prosecution of the Fourth through Eleventh Counts is **denied;** it is further

**ORDERED** that Defendants' motion to strike Plaintiffs' response to Defendants' motion for summary judgment is **denied;** it is further

**ORDERED** that Defendants' motion for hearing on their motion for summary judgment is **denied;** it is further

**ORDERED** that Defendants' motion to continue the filing of all dispositive motions until June 30, 1993 is **denied;** it is further

**ORDERED** that Defendant, Haynes', motion to dismiss the claims of conspiracy asserted by Plaintiffs to have arisen under 42 U.S.C. § 1985 is **granted;** it is further

**ORDERED** that Defendant, Haynes', motion to dismiss the claims of deprivation of privileges and immunities of the First, Second and Third Counts as to Plaintiff, L.S.T. Inc., is **granted;** it is further

**ORDERED** that Defendant, Haynes', motion to dismiss the claims of Plaintiff, L.S.T. Inc., for lack of jurisdiction is **denied;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the claims of denial of the right to assemble of the First Count is **granted;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the pendant state claims of Plaintiff, Galvez, for failure to provide written notice as required by Florida Statutes, section 768.28(6)(a) (1989) is **granted;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the claims of tortious interference with business of the Twelfth Count as to the Plaintiff, L.S.T., Inc., for failure to comply with the notice requirements of Florida Statutes, section 768.28(6)(a) is **denied;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the claims of the Twelfth Counts as to Plaintiffs, Steve Adams and Harvey Adams for lack of standing is **denied;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the defamation claims of the Thirteenth Count is **denied;** it is further

ORDERED that Defendant, Haynes', motion to dismiss the allegation of negligence contained in Paragraph One (1) of the Jurisdiction section of Plaintiffs' Complaint is **denied;** it is further

ORDERED that Defendant, Haynes', motion for summary judgment on the claim of a policy, custom or practice to violate the Plaintiffs' civil rights of the First, Second and Third Counts is **granted;** it is further

ORDERED that Defendant, Haynes', motion for summary judgment on the claims of false imprisonment, malicious prosecution and battery of the Eleventh Count is **denied.**

**DONE AND ORDERED.**