889 So.2d 972 (2004)
Norman LaRIVIERE, as personal representative of the estate of Olive LaRiviere, and Norman LaRiviere, individually as surviving spouse, Appellants,
v.
SOUTH BROWARD HOSPITAL DISTRICT d/b/a Memorial Regional Hospital, Warren G. Feldman, M.D., Warren G. Feldman, M.D., P.A., Robert Michael Glasser, M.D., Charles A. Gluck, M.D., Charles A. Gluck, M.D., P.A., and Blue Cross and Blue Shield of FloridA, Inc., Appellees.
No. 4D04-180.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
*973 James H. Wyman and Mark Hicks of Hicks & Kneale, P.A., Miami, for appellants.
Marc Gottlieb of Akerman Senterfitt, Fort Lauderdale (withdrew after filing brief) and William D. Ricker, Jr. of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for Appellee-South Broward Hospital.
STONE, J.
We affirm a summary judgment in favor of South Broward Hospital District (the district). LaRiviere, as personal representative (the estate), filed a medical malpractice suit against the district, Dr. Feldman, and Blue Cross Blue Shield (BCBS).
The estate sent the notice of intent to initiate medical malpractice litigation, required by section 766.106(2)(a), Florida Statutes, to the district's office. The district is a political subdivision of the state. The summons and complaint were served on the district's legal department.
Pursuant to section 768.28(6), Florida Statutes, claimants must present notice of claims against the state, including its agencies or subdivisions, to the Department of Finance, in Tallahassee (the department). In this case, the department was never notified of the claim against the district. It did, however, receive notice of intent to litigate as to BCBS.[1] The summons and complaint against BCBS were also, properly, served on the department, pursuant to section 624.422, Florida Statutes, governing service of process on insurance companies.
The district's answer denied that all conditions precedent pursuant to section 768.28, Florida Statutes, were met, specifically that the state, through the department, had not been timely notified of the claim against the district, a political subdivision. This motion was predicated on the fact that the estate had not provided the notice to the state, as required by section 768.28(6), a condition precedent to suit. *974 Additionally, the three year limitations period had expired.[2]
Notwithstanding that the district was directly noticed, the issue is whether the notice and/or the complaint received by the department on behalf of co-defendant, BCBS, was sufficient to put the state on notice that a claim was also being made against a state subdivision. We reject the estate's contention that the department's receipt of the notice of intent to litigate as to BCBS, alone, or combined with the complaint served on the department in its capacity as agent for service on BCBS, constituted notice to the department of the companion claim against the district.
Clearly, the plain language of § 768.28(6) requires notice to the department as a condition precedent to a cause of action when there is a claim for damages against a state agency or subdivision. See Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla.1983); Broward County Sch. Bd. v. Joseph, 756 So.2d 1077 (Fla. 4th DCA 2000); Lecuyer v. Fla. Dep' t of Transp., 535 So.2d 720 (Fla. 4th DCA 1989). Here, although the failure to notify the department is usually curable, the failure to notify the department before the three-year statute of limitations period expired could not now be cured.
In Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla.1988), the supreme court held that giving notice to the department was so essential that the hospital could not waive the condition precedent by its conduct during mediation and settlement negotiations in the years prior to filing suit. Failure to comply with the statutory condition precedent was fatal to the action.
We recognize that although notice is required by the statute, the form of the notice is not specified. Therefore, "it follows that any manner of submitting a written notice of the claim to the agency involved that sufficiently describes or identifies the occurrence so that the agency may investigate it, satisfies the statute." Franklin v. Palm Beach County, 534 So.2d 828, 830 (Fla. 4th DCA 1988); Smart v. Monge, 667 So.2d 957 (Fla. 2d DCA 1996). Nevertheless, the notice, in any form, must be sufficiently direct and specific to reasonably put the department on notice of the existence of the claim and demand. The notice must advise the department that a claim is made against a state agency or subdivision. See Brower v. State Dept. of Natural Resources, 698 So.2d 568, 570 (Fla. 2d DCA 1997).
Here, the purely coincidental service of the notice and the complaint on the department as agent for service for BCBS is clearly not notice to the department regarding a claim against a state subdivision. We note that there is no reason for the department staff to even read the substance of the BCBS paperwork.
Therefore, the summary judgment is affirmed.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] We recognize that as to BCBS, there is no requirement that the malpractice claim notice be served on the department, but for some reason, it was sent to the department on behalf of BCBS.
[2] The bar of the statute of limitations is not an issue in this appeal.