ROSENBERG, ROBIN, Associate Judge.
This appeal follows from the trial court’s order of dismissal with prejudice. The defendant, Florida Department of Highway Safety and Motor Vehicles (“FDHSMV”), filed a motion to dismiss the plaintiffs, Joann Aitcheson (“Aitcheson”), complaint on the basis that the plaintiff failed to satisfy the conditions precedent required for waiver of sovereign immunity as set forth in section 768.28, Florida Statutes (2007). The issue on appeal is whether the complaint and documents attached to the complaint were sufficient to allege compliance with the notice requirement of section 768.28. We reverse and find that the complaint survives the statutory notice requirement.
Aiteheson’s complaint seeks damages against the FDHSMV for a slip and fall on March 21, 2007 at a DMV location on University Drive in Pembroke Pines, Florida. The complaint alleged that the action was “brought pursuant to Florida Statute 768.28 and the Plaintiff has complied with all conditions precedent prior to filing this action. Copies of which are attached hereto.”
Attached to the complaint were copies of certified mail receipts. One was ad *856 dressed to the DMV office in Pembroke Pines, one to the Department of Transportation, and one to the Department of Financial Services. Also attached to the complaint were copies of the notice letters addressed to the Florida Department of Transportation, the FDHSMV, and the Florida Department of Financial Services.
The letters to the FDHSMV and the Department of Financial Services are almost identical. Within these letters, counsel for the plaintiff states that his office “has been retained to represent [the plaintiff] for injuries received in an automobile accident, which occurred on the above caption date.” The complaint, however, alleges injuries sustained in a slip and fall and does not mention an automobile accident. The subject field of the notice letters contains the plaintiffs name, the date of the accident, and the location of the accident. The bodies of the letters, however, incorrectly list the plaintiffs date of birth as “03/21/07,” which was the date of the accident.
These letters were dated July 23, 2007 and July 30, 2007. The complaint was filed on February 17, 2011. The FDHSMV moved to dismiss the complaint, alleging that the plaintiff failed to comply with the notice requirement of section 768.28, Florida Statutes. The court granted the motion and dismissed the ease on January 23, 2012.
Appellate courts review a trial court order granting a motion to dismiss with prejudice using the de novo standard of review. Doe, ex rel. Doe’s Mother v. Sinrod, 90 So.3d 852, 854 (Fla. 4th DCA 2012) (citing Ganac Grain Co. v. Mejia, 962 So.2d 408, 410 (Fla. 4th DCA 2007)). “While the court must confine its review to the four corners of the complaint and must accept as true all well-pleaded allegations, ... the exhibits are encompassed within the four corners of the complaint and must be considered therewith.” Abele v. Sawyer, 750 So.2d 70, 74 (Fla. 4th DCA 1999) (citing Fla. R. Civ. P. 1.130(b)).
“An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and ... to the Department of Financial Services, within 3 years after such claim accrues .... ” § 768.28(6)(a), Fla. Stat. (2007). The notice requirements “are conditions precedent to maintaining an action.... ” Id. at § 768.28(6)(b). “[T]he purpose of the notice requirement is to provide the State and its agencies sufficient notice of claims filed against them and time to investigate and respond to those claims.” Cunningham v. Florida Dept, of Children and Families, 782 So.2d 913, 915 (Fla. 1st DCA 2001) (citing Metro. Dade Cnty. v. Reyes, 688 So.2d 311, 313 (Fla.1996)).
The notice provision of section 768.28(6)(a) “is strictly construed, with strict compliance being required.” Maynard v. State, Dep’t of Corrections, 864 So.2d 1232, 1234 (Fla. 1st DCA 2004). However, we previously have recognized that although notice is statutorily required, the form of the notice is not specified. LaRiviere v. S. Broward Hosp. Dist., 889 So.2d 972, 974 (Fla. 4th DCA 2004). Rather, the notice required by the statute “must be sufficiently direct and specific to reasonably put the department on notice of the existence of the claim and demand.” Id. This notice must be written and must “sufficiently describef ] or identify] the occurrence so that the agency may investigate it[J” Id. (quoting Franklin v. Palm Beach Cnty., 534 So.2d 828, 830 (Fla. 4th DCA 1988)).
This court previously has held that, although a notice did not include the plaintiffs name, it nevertheless was sufficient *857 and satisfied section 768.28(6)(a) because it put the agencies “on notice of an accident, its time and location[,] and that injuries were suffered and a claim was being made.” Franklin, 534 So.2d at 829. Although the notices provided to the FDHSMV and the Department of Financial Services state that the injury was suffered in an automobile accident, rather than a slip and fall, we find that the notices nevertheless provided sufficient information for the agencies to investigate the claim, satisfying the purpose of section 768.28(6)(a). See Cunningham, 782 So.2d at 915 (“[T]he purpose of the notice requirement is to provide the State and its agencies sufficient notice of claims filed against them and time to investigate and respond to those claims.”); see also LaRiviere, 889 So.2d at 974 (holding that the notice “must be sufficiently direct and specific to reasonably put the department on notice of the existence of the claim and demand”). As in Franklin, the notices attached to Aitchesoris complaint state the date and location of the accident, that an injury was suffered, and that a claim was being made. We conclude that the notice was sufficient to comply with the requirements of section 768.28(6)(a). See Franklin, 534 So.2d at 830.
The FDHSMV also argues that notice was improper because it was not delivered to the head of the agency. This argument is not persuasive because the notice requirement of section 768.28(6)(a) only requires notice be given “to the appropriate agency.” Although service of process is required to be made on the head of the agency, there is no requirement to serve an agency head with the written notice requirement. Compare § 768.28(7) with § 768.28(6)(a). Aitcheson provided notice to FDHSMV, the appropriate agency, as required by statute.
Finally, the FDHSMV argues that the notice was defective because it contained Aitchesoris incorrect date of birth. The portion of the statute requiring the claimant’s date of birth, however, requires it (as well as the claimant’s SSN) to be provided to the agency “prior to settlement payment, close of discovery or commencement of trial, whichever is sooner[.]” §§ 768.28(6)(c)-(d), Fla. Stat (2007). This case was dismissed prior to any settlement payment, start of discovery, or commencement of trial. Therefore, Aitchesoris failure to provide her correct date of birth on the notice is not fatal to her claim. See also Williams v. Henderson, 687 So.2d 838, 839 (Fla. 2d DCA 1996) (holding that date and place of birth and social security number are not necessary to include in the notice).
We find that Aitcheson complied with the statutory notice requirements under section 768.28(6)(a); therefore, dismissal of her complaint was error. The trial court’s order dismissing the complaint is reversed and the matter is remanded for further proceedings.

Reversed and Remanded.

GROSS and FORST, JJ., concur.