SLEET, Judge.
Ruth Vargas appeals the summary judgment entered in favor of the City of Fort Myers (Fort Myers) on the bases that Vargas failed to comply with section 768.28, Florida Statutes (2005), and the statute of limitations expired. We disagree. Accordingly, we reverse.
I. Background
On March 3, 2005, Vargas was injured in a traffic accident involving a Fort Myers police car. On May 13, 2005, Vargas’s attorney sent Fort Myers a letter informing it of the accident, requesting insurance information, and informing it that Vargas was represented by an attorney. On May 16, 2005, Fort Myers responded to the letter and disclosed that it was self-insured and outlined its liability limits of coverage. On March 9, 2007, Vargas provided Fort *1033 Myers with another letter in which she described the accident, her injuries, the cost of her medical bills, and a demand for the full policy limits. On September 29, 2008, Fort Myers sent a letter to Vargas in which it reiterated that it was self-insured and included its limits of coverage. Vargas followed up with another demand letter on November 17, 2008, and informed Fort Myers that she had complied with the statutory requirements set forth in section 768.28(6)(a). On November 20, 2008, Fort Myers sent a letter to Vargas acknowledging that it had received the November 17, 2008, letter and that the three-year notice period in section 768.28(6)(a) had expired.
On December 22, 2008, Vargas filed her complaint for negligence against Fort Myers and the police officer who drove the police car. On March 17, 2010, Vargas filed an amended complaint and attached the March 9, 2007, demand letter. On March 22, 2010, the trial court granted Fort Myers’ motion to dismiss with prejudice as to the officer and without prejudice as to Fort Myers and granted Vargas twenty days to file an amended complaint. On April 3, 2010, Vargas filed an amended complaint, in which she stated that she had sent notice to Fort Myers. On August 16, 2010, the trial court denied Fort Myers’ second motion to dismiss based on the running of the statute of limitations, sovereign immunity (notice) pursuant to section 768.28(6)(a), and sovereign immunity (pleadings) pursuant to section 768.28(6)(b). On December 16, 2011, Fort Myers filed a motion for summary judgment, again arguing that Vargas failed to comply with the notice requirement set forth in 768.28(6)(a). On March 23, 2012, the trial court granted Fort Myers’ motion for summary judgment on the basis that “[pjlaintiff failed to comply with Florida Statutes § 768.28” and “the Statute of Limitations expired.” This appeal ensued.
II. Analysis
This court reviews a trial court’s order on a motion for summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000). “The underlying purpose of a motion for summary judgment ‘is to determine whether any genuine issues of material fact exist for resolution by the trier of fact.’ ” Coral v. Garrard Crane Serv., Inc., 62 So.3d 1270, 1273 (Fla. 2d DCA 2011) (quoting CSX Tramp., Inc. v. Pasco Cnty., 660 So.2d 757, 758 (Fla. 2d DCA 1995)). “If the record reflects the existence of any genuine issue of material fact,' or the possibility of an issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Christian v. Overstreet Paving Co., 679 So.2d 839, 840 (Fla. 2d DCA 1996). Courts should be cautious when granting motions for summary judgment in negligence suits. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
According to section 768.28(6)(a):
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing
The notice requirement is a condition precedent to maintaining an action. § 768.28(6)(b). “[T]he purpose of the notice requirement is to provide the State and its agencies sufficient notice of claims filed against them and time to investigate *1034 and respond to those claims.” Aitcheson v. Fla. Dep’t of Highway Safety & Motor Vehicles, 117 So.3d 854, 856 (Fla. 4th DCA 2013) (quoting Cunningham v. Fla. Dep’t of Children & Families, 782 So.2d 913, 915 (Fla. 1st DCA 2001)). The notice “must be sufficiently direct and specific to reasonably put the department on notice of the existence of the claim and demand.” LaRiviere v. S. Broward Hosp. Dist., 889 So.2d 972, 974 (Fla. 4th DCA 2004). Moreover, it must be written and “sufficiently describe[] or identify] the occurrence so that the agency may investigate it.” Aitcheson, 117 So.3d at 856 (alteration in original) (quoting LaRiviere, 889 So.2d at 974). While strict compliance with the section is required, “the form of the notice is not specified.” Id. at 856. The cases to date yield no talismanic rule as to the specificity of the notice. Here, the letter sent on March 9, 2007, described the accident, Vargas’s injuries, the amount of her medical bills, and that a demand was being made. Fort Myers was placed on adequate notice and was able to investigate the claim based on the information provided in the letter. As such, Vargas’s letter satisfied the notice requirement set forth in section 768.28(6)(a).[1]
The trial court also erred in granting summary judgment in favor of Fort Myers on the basis that the statute of limitations expired. Vargas had four years from the date of the accident to bring an action founded in negligence. See § 95.11(3)(a), Fla. Stat. (2005). The record demonstrates that she filed her original complaint on December 22, 2008, which is well within the four-year limitation. Vargas’s subsequent amended complaints merely added the language that she had satisfied the notice requirement and dropped the police officer as a party to the action. Because the amended complaints related back to the date of the original pleading, Vargas did not file outside of the statute of limitations. See Fla. R. Civ. P. 1.190(c); see also C.H. v. Whitney, 987 So.2d 96, 99 (Fla. 5th DCA 2008) (“The relation back doctrine is to be applied liberally.”).
Because Vargas satisfied the requirements set forth in section 768.28 and because she filed her complaint within the statute of limitations, we reverse.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., Concur.

. To the extent that the March 9, 2007, letter does not contain Vargas’s date and place of birth and social security number, providing this information is not necessary in the notice. See Williams v. Henderson, 687 So.2d 838, 839 (Fla. 2d DCA 1996).