DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF BROWARD COUNTY,** a State Agency or Political
Subdivision of the State of Florida,
Appellant,

v.

**CITY OF CORAL SPRINGS,** as Assignee of John Malvin,
Appellee.

No. 4D15-2213

[March 2, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Thomas M. Lynch, IV, Judge; L.T.
Case No. 14-008726 CACE (05).

Nicolette N. John of Vernis & Bowling of Broward, P.A., Hollywood, for
appellant.

Warren Brown and Jorge A. Pena of Brown & Pena, P.A., Hollywood,
for appellee.

PER CURIAM.

The School Board of Broward County (School Board) appeals a trial
court order which denied its motion for summary judgment, determining
as a matter of law that it is not entitled to sovereign immunity. This
portion of the non-final order is appealable. Fla. R. App. P.
9.130(a)(3)(C)(xi).[1]  As to that ruling, we affirm.

---

[1] The trial court also ruled on assignability of the claim against the School
Board and the timeliness of the lawsuit against it given the provisions of section
440.39(4), Florida Statutes (2011).  We decline to consider the arguments as to
these claims, however, as our jurisdiction does not extend to them.  They are
not independently appealable under any of the provisions of Florida Rule of
Appellate Procedure 9.130, and the appellate courts are without jurisdiction to
review them simply because they are included in the same order along with a
ruling which is appealable.  *See RD & G Leasing, Inc. v. Stebnicki*, 626 So. 2d
1002, 1003 (Fla. 3d DCA 1993) (holding that where a non-final order subject to
review under Rule 9.130 contains other rulings which are not independently

John Malvin (Malvin) is a police officer employed by the City of Coral Springs (City). He was operating a motorcycle in the course of his employment in August 2011 when he had an accident involving a school bus owned by the School Board. The City paid him worker's compensation benefits, and he assigned his claims to the City. The assignment provided that the City would recover from any judgment or settlement with the School Board and other defendants as reimbursement for worker's compensation benefits previously paid to Malvin. Once reimbursement was satisfied, any remaining judgment or settlement would inure to Malvin. In exchange for the assignment, the City and worker's compensation carrier agreed to sue the School Board and the individual defendant on Malvin's behalf. Malvin was to be indemnified from any liability, cost or expense arising from the lawsuit.

In May 2014, the City, as assignee of Malvin, sued the School Board and sent a letter to the School Board and the Florida Department of Financial Services advising them of the personal injury claim they brought "as subrogee of John Malvin." The School Board argued in defense that the action was barred by sovereign immunity and, alternatively, failure to comply with the presuit notice requirements of section 768.28, Florida Statutes (2011) for waiver of sovereign immunity in tort actions. It filed a motion for final summary judgment on these and other issues.

No factual issues were in dispute. The trial court's order denying summary judgment turned exclusively on questions of law. Review is de novo. *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1074 (Fla. 2001); *Eco-Tradition, LLC v. Pennzoil Quaker State Co.,* 137 So. 3d 495, 496 (Fla. 4th DCA 2014).

We reject the School Board's challenge to the sufficiency of the notice the City provided pursuant to section 768.28(6), Florida Statutes (2011). This is the only sovereign immunity issue the School Board has raised in its initial brief. The notice requirement is intended to give the State and its agencies adequate notice of claims filed against them and to provide them with time to investigate and respond. *Aitcheson v. Fla. Dep't of Highway Safety & Motor Vehicles*, 117 So. 3d 854, 856 (Fla. 4th DCA 2013) (citing *Cunningham v. Fla. Dep't of Children & Families*, 782 So. 2d 913, 915 (Fla. 1st DCA 2001) (citing *Metro. Dade Cnty. v. Reyes*, 688 So. 2d 311 (Fla. 1996))). While notice is statutorily required, its form and

appealable, they do not "tag along" for purposes of jurisdiction and review by the appellate court). *See also Swartz v. CitiMortgage, Inc.*, 97 So. 3d 267 (Fla. 5th DCA 2012).

content are not specified in the statute. *Aitcheson,* 117 So. 3d at 856 (citing *LaRiviere v. S. Broward Hosp. Dist.,* 889 So. 2d 972, 974 (Fla. 4th DCA 2004)). The trial court did not err in concluding that the City provided sufficient information to the School Board and the Florida Department of Financial Services to put them on notice of the accident, its time, location, the injuries suffered and that a claim was being made.

*Affirmed.*

CIKLIN, C.J., TAYLOR and MAY, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***