# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-3228
_____

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,

    Appellant,

    v.

KAISER CONSULTING GROUP,
LLC, a Florida Limited Liability
Company; PATSY BRADLEY, as
Personal Representative of the
Estate of Drew Kaiser, and
JOHN WILSON,

    Appellees.

_____


On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.


June 10, 2026

PER CURIAM.

Florida Fish and Wildlife Conservation Commission (FWC) appeals a nonfinal order denying its motion for summary judgment. In that motion, FWC argued in part that Appellees' inverse condemnation claim was barred by sovereign immunity. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii).

As relevant here, FWC raises two grounds for reversal.[1] First, it contends that Appellees failed to identify a compensable property interest capable of supporting an inverse condemnation claim. Alternatively, it contends that Appellees' claim, despite its label, seeks monetary damages for an alleged denial of procedural due process. We agree with FWC on the first ground and therefore do not reach the second.

We review de novo an order denying sovereign immunity. *See Plancher v. UCF Athletics Ass'n, Inc.*, 175 So. 3d 724, 725 n.3 (Fla. 2015). The State and its agencies are generally immune from suit unless immunity has been waived or an exception applies. *Fla. Fish and Wildlife Conser. Comm'n v. Daws*, 256 So. 3d 907, 912 (Fla. 1st DCA 2018). Sovereign immunity does not bar a properly pleaded claim based on a violation of the state or federal constitution. *Id.* But that exception applies only when the plaintiff pleads a legally sufficient constitutional claim. *Id.* at 915.

Appellees' amended complaint contains a single count styled as inverse condemnation. In that count, Appellees seek compensation for what they characterize as an unconstitutional taking arising from FWC's suspension or revocation of Authorized Gopher Tortoise Agent permits issued to Drew Kaiser and John Wilson—permits that FWC later reinstated. When the government effectively takes private property without formally exercising its eminent domain power, the claim is one for inverse condemnation. *See Pembroke Ctr., LLC v. State, Dep't of Transp.*, 64 So. 3d 737, 740 (Fla. 4th DCA 2011).

A legally sufficient takings claim, however, requires the plaintiff to identify a compensable property interest. *See Bojorquez v. State*, 411 So. 3d 404, 408 (Fla. 2025). In determining whether a government-issued authorization is compensable property, courts look beyond labels to the source and terms of the asserted right,

---

[1] FWC's other arguments do not pertain to sovereign immunity and therefore fall outside the scope of this Court's review. *See Sch. Bd. of Broward Cnty. v. City of Coral Springs*, 187 So. 3d 287, 288 n.1 (Fla. 4th DCA 2016).

including the rights conferred on the holder and the government's retained control over the continued existence of those rights. *Id.* at 409–10; *see also Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1374 (Fed. Cir. 2004) (considering transferability, exclusivity, and the government's retained authority to revoke, suspend, or modify fishery permits in determining whether the permits were compensable property); *Conti v. United States*, 291 F.3d 1334, 1341–42 (Fed. Cir. 2002) (considering the absence of traditional indicia of property, including transferability and exclusionary rights, and the government's retained authority to alter, suspend, or revoke the permit).

Measured against that framework, the permits here do not bear the hallmarks of compensable property. They allowed specified gopher-tortoise survey and relocation activities under FWC's regulatory scheme. *See* Fla. Admin. Code R. 68A-27.003(2)(f)5. They were nontransferable; did not confer exclusive rights; were subject to applicable statutes, rules, guidelines, applications, assurances, and permit conditions; and were expressly subject to FWC's authority to suspend, revoke, or decline renewal for just cause. Taken together, those circumstances show that the permits did not confer a compensable property interest sufficient to support Appellees' inverse condemnation claim.[2]

Because Appellees failed to establish a legally sufficient takings claim, the constitutional-claim exception to sovereign immunity does not apply. The trial court therefore erred in denying FWC's motion for final summary judgment. We reverse and remand with directions to enter summary judgment in favor of FWC on Appellees' inverse condemnation claim.

---

[2] Under the circumstances of this case, we need not decide whether Appellees have a protected property interest for purposes of a due process claim. *Cf. Tampa-Hillsborough Cnty. Expressway Auth. v. A.G.W.S. Corp.*, 640 So. 2d 54, 57 (Fla. 1994) ("[T]he analysis under due process is different from the analysis under just compensation."); *Gulf Coast Transp., Inc. v. Hillsborough Cnty.*, 352 So. 3d 368, 381 (Fla. 2d DCA 2022) (explaining that "property" is construed differently for purposes of a due process claim than it is for a takings claim).

REVERSED and REMANDED.

RAY, WINOKUR, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Rhonda E. Parnell, Assistant General Counsel, Florida Fish and Wildlife Conservation Commission, Tallahassee, and Robert Jacob Sniffen and Kristen Candice Diot of Sniffen & Spellman, P.A., Tallahassee, for Appellant.

Kenneth G. Oertel of Oertel, Fernandez, Bryant & Atkinson, P.A., Tallahassee, for Appellees.

4