87 So.2d 589 (1956)
Elizabeth MAGEE, Appellant,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Appellee.
Supreme Court of Florida. Division A.
May 18, 1956.
Rehearing Denied June 12, 1956.
*590 Albert J. Datz, Jacksonville, for appellant.
William M. Madison and Inman P. Crutchfield, Jacksonville, for appellee.
THORNAL, Justice.
Appellant Magee, who was plaintiff below, seeks reversal of a summary judgment entered in favor of appellee City of Jacksonville, which was defendant below, in an action for damages allegedly resulting from a defective sidewalk.
The question for determination on appeal is whether the notice of injury served upon the City prior to the filing of suit was sufficient to meet the requirements of Chapter 11564, Laws of Florida, Extraordinary Session, 1925, which was a local Act applicable only to Jacksonville requiring notice of injury as a condition precedent to maintaining suit against the City.
The complaint sought recovery of damages for injury caused by the alleged defective condition of a sidewalk in the City of Jacksonville. It alleged generally the service of the required notice. The answer denied that the notice was sufficient to meet the requirements of Chapter 11564, supra, the pertinent parts of which read as follows, to wit:
"No suit shall be maintained against the City for damages arising out of its failure to keep in proper condition any sidewalk * * * unless it shall be made to appear * * * that written notice of such damage was, within thirty days after the receiving of the injury, given to the City Attorney with such reasonable specifications as to time and place and witnesses as would enable the city officials to investigate the matter; * * *."
This provision is sometimes referred to by the parties as Section 603 of the City's Charter.
On motion for summary judgment it was revealed by affidavits that the following correspondence was exchanged between the Attorney for the appellant and the City Attorney, to wit: On August 13, 1954, the City Attorney received from the Attorney for the appellant a letter dated August 12, 1954, reading as follows:
"You are hereby notified that Mrs. Elizabeth Magee of 4054 Green Street, Jacksonville, Florida, was injured due to the defective condition of the sidewalk on the south side of 6th Street, *591 between Hubbard and Market Streets in Jacksonville, Florida. This injury took place during the daytime on July 15, 1954. It was witnessed by Mrs. Nettie Mae Lee of 1435 Market Street, Jacksonville, Florida."
On August 13, 1954, the City Attorney by letter advised the Attorney for appellant as follows:
"The City hereby expressly rejects your said letter of August 12 as a notice of claim for the reason that it fails to comply with Section 603 of the City Charter of this municipality. The place of the alleged injury is not recited with such reasonable specification as to place as would enable the City officials to investigate the matter.
"Accordingly, any and all liability is hereby expressly denied."
Thereafter on August 17, 1954, by letter, the appellant responded to the City Attorney that the defective sidewalk was located immediately in front of the residence known as 132 East 6th Street, Jacksonville, Florida, and on August 18, 1954, the City Attorney rejected the letter as a notice of claim on the ground that the original notice failed to state the place of the injury with "such reasonable specifications" as were required by the City Charter and that the time for serving notice had expired. Another affidavit reveals that the south side of 6th Street in Jacksonville between Market Street and Hubbard Street is a distance of approximately 160 yards without the intervention of other streets.
The trial judge adopted the view that the notice was insufficient as a matter of law and thereupon granted the City's motion for summary judgment. This appeal followed.
The appellant contends that the notice was adequate to meet the requirements of the Statute while the appellee takes the position that under our prior decisions, the notice was legally insufficient.
We must test the notice as it was given in the letter of August 12, 1954, rather than by the additional information furnished by the appellant in her letter of August 17, 1954. The injury occurred July 15, 1954. Consequently under the Charter a sufficient notice must have been given within thirty days after the date of injury.
Local Acts of the nature of the one under consideration have been consistently upheld by this and other courts. Justification for these statutes is that a municipality is entitled to a reasonable notice of a pending claim against it in order to enable the City to make a thorough investigation of the claim before admitting or denying liability in connection with a demand that might require the expenditure of public funds. A reasonable time limitation is appropriate so that the City might have notice within a reasonable proximity of time after the occurrence of the injury in order to interview witnesses and make a thorough investigation promptly. On the other hand, we have also consistently recognized that municipalities may be liable for negligence in the maintenance of, or in the failure to maintain, the public streets if such negligence results in injury and if the defect in the street was known or should have been known to the municipal officials.
Assuming that a claimant has a meritorious cause against a municipal corporation, he should not be deprived of his day in court by an unreasonably technical and burdensome application of a "non-claim" statute if the notice given by him is served on the proper municipal official within the time required and is drafted with sufficient detail to accord to the municipality a fair and reasonable opportunity to make a sufficient investigation to determine within the sound judgment of the proper officials whether or not the claim has merit.
This court has in some measure required a relatively strict compliance with the requirements of statutes of the nature under consideration to the end that the public might receive the full benefit of the notice required by the Legislature. On the other hand it appears to us that a just claim, if one exists, should not be denied by the application *592 of strained constructions and the imposition of requirements for minute detail where an examination of the entire notice reveals that it furnishes to the City officials adequate information within the framework of the statutory requirements in sufficient detail to enable them to make a thorough investigation of the asserted claim.
Reverting to the notice in the instant case, it will be observed that the City Attorney was in due time furnished with the name of the claimant, the time of the injury, the name and address of a witness and a description of the place of the injury to the extent that it is stated that the injury occurred on the south side of a particular street between two specifically named streets. The distance between the two streets so named being shown by affidavit to be about 480 feet. It is our view that the notice met the requirements of the City Charter which stipulated that the time and place and witnesses be furnished "with such reasonable specifications" as would enable the City officials to investigate the matter.
We realize that the word "reasonable" cannot be defined with any degree of mathematical certainty. However "reasonableness" is the standard by which the Legislature provided that the notice be measured. The test of what is "reasonable" or "unreasonable" may necessarily vary under particular factual situations. Purely for purposes of illustration, if the notice in the instant case had merely stated that the injury occurred "on Main Street" in the City of Jacksonville, it could hardly be contended that such would be reasonable because it is generally known that Main Street in Jacksonville is a public way extending for miles through the City. On the other hand, in the notice before us the area within which the defect allegedly existed was described within such reasonably defined limits that it would certainly appear that a routine investigation of the well-defined area would have revealed the locus of the defect, especially so when the notice likewise specifically named a witness who supposedly at least could have pointed to the particular spot where the injury was alleged to have occurred.
While there are innumerable decisions involving the general question before us, our research reveals that there are few which offer analogous factual situations. The most nearly analogous is Youngvert v. City of Chicago, 174 Ill. App. 299, where it was stated that a notice which advised that the accident occurred "in the City of Chicago on, to-wit, the west side of Center avenue, between to-wit, Sixteenth and Seventeenth Streets" was sufficient to comply with the test of reasonable accuracy in stating the place of the injury.
In Lyman v. County of Hampshire, 138 Mass. 74, the Supreme Judicial Court of Massachusetts held sufficient a notice which stated that the injury was received "upon the bridge in said Huntington, known as and called Norwich Bridge, * * *" The facts revealed that actually the bridge was 218 feet in length and that while the notice stated that the defect consisted of a hole in the bridge, there were in fact three holes in the bridge. It was determined that the notice was not fatally defective as a matter of law.
In ruling as we do in the case before us, we have not overlooked the recent decisions of this court in Olivier v. City of St. Petersburg, Fla. 1953, 65 So.2d 71; and Buck v. City of Hallandale, Fla. 1956, 85 So.2d 825. In the St. Petersburg case the notice served upon the City merely stated that the claimant was injured "by a defect in the street caused by resurfacing of the street". The street itself was never mentioned. The notice was completely silent in regard to the place of the accident. In the Hallandale case the notice failed completely to furnish any statement as to the time of the accident, the place of the accident was not mentioned at all, and it was totally lacking in any references to witnesses.
We have not been referred to any decisions of this or any other court that a notice such as the one under consideration fails to meet the standard of reasonableness of specifications that should control *593 in cases such as this. While technical accuracy of such notices is certainly recommended, we are of the view that the notice in this case is within the requirement of reasonableness stipulated by the Legislature.
We therefore hold the notice in the case before us was not fatally defective as a matter of law and that when considered solely in the light of the facts presented by the affidavits on the motion for summary judgment, it sufficiently met the requirements of the Jacksonville Charter.
It was therefore error to award a summary judgment in favor of the City. The judgment appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.