443 So.2d 207 (1983)
Wilner TALAN, As Personal Representative of the Estate of Andre Talan, a Deceased Minor, On Behalf of the Estate of Andre Talan, and On Behalf of Wilner Talan and Edenne Paul, Individually, and As Survivors of Andre Talan, Deceased, Appellant,
v.
Robert MURPHY and Allstate Insurance Company, Appellees.
No. 83-938.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Rehearing Denied January 20, 1984.
*208 Keyfetz, Poses & Halpern and Mark Poses, Miami, for appellant.
Adams, Ward, Hunter, Angones & Adams and Steven Hunter, Miami, for appellees.
Before BARKDULL, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Within the two-year statute of limitations, Wilner Talan, in his individual capacity, commenced a wrongful death action for the loss of his minor son. After the applicable statute of limitations had expired, Talan procured his appointment as personal representative and, in this capacity, filed an amended complaint on behalf of his son's estate and on behalf of himself and his wife, individually, and as survivors of their son. The amended complaint added damages for the child's mother, the loss of the child's net accumulations, and medical, burial, and funeral expenses. The trial court entered a final summary judgment in favor of the defendants on the basis that the amended complaint was barred by the statute of limitations because it was not filed by the personal representative within two years of the child's death. Finding that the alterations to the complaint relate back to the original filing, we reverse.
As to the change in capacity, our supreme court has specifically addressed this issue in Griffin v. Workman, 73 So.2d 844, 846 (Fla. 1954):
We think, therefore, that the issue is ruled by the ancient doctrine "that whenever letters of administration or testamentary are granted they relate back to the intestate's or testator's death. * * * The doctrine has been accepted with virtual unanimity, since it was promulgated, in a long line of cases." Annotation 26 A.L.R. 1360. Under this doctrine "all previous acts of the representative which were beneficial in their nature to the estate and * * * which are in their nature such that he could have performed, had he been duly qualified, as personal representative at the time, are validated."
The personal representative was the only person authorized to bring the wrongful death action. § 768.20, Fla. Stat. (1981). When Talan assumed the responsibility of bringing the action without having the appointment, he did so as an executor de son tort. Johnston v. Thomas, 93 Fla. 67, 111 So. 541 (1927). When he was later appointed executor, his letter related back to the death of the intestate and his acts as executor de son tort were thereby validated insofar as they were acts he could have performed had he been duly qualified as a personal representative. Griffin; 31 Am.Jur.2d Executors and Administrators § 679 (1967); see also Bermudez v. Florida Power & Light Co., 433 So.2d 565 (Fla. 3d DCA 1983) (letters of administration related back to action filed in name of personal representative before letters were issued). Nor was it necessary that Talan allege that he was the personal representative of the decedent's estate in his original complaint. Fla.R.Civ.P. 1.120(a). If the defendant desired to place that matter in issue, he should have done so by specific negative averment. Fla.R.Civ.P. 1.120(a). Consequently, summary judgment was improperly granted on that basis.
Nonetheless, the appellee contends that the amended complaint, by the inclusion of new elements of damages, substantially changed the cause of action and should be *209 barred. Again, we disagree. The statutory mechanism for bringing a wrongful death action, section 768.16, et seq., requires that the single cause of action for wrongful death be brought by the personal representative claiming each survivor's damages as well as the expenses incurred by the estate.
It follows, from the fact that the plaintiff can amend to reflect his capacity as personal representative, that claims for damages which are properly recoverable by the personal representative under section 768.21(6), Florida Statutes (1981), will also relate back. See Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 2d DCA 1971), cert. denied, 262 So.2d 445 (Fla. 1972). Thus, the personal representative's claim for damages sustained by his wife, see Peters v. Mitchel, 423 So.2d 983 (Fla. 3d DCA 1982); Dye v. Houston, 421 So.2d 701 (Fla. 1st DCA 1982), as well as medical, funeral, and burial expenses and loss of net accumulations is viable without a statute of limitations bar.
For the foregoing reasons, we conclude that the entry of the summary judgment was erroneous.
Reversed and remanded.
BARKDULL, Judge dissenting.
I respectfully dissent and would affirm the summary judgment under review.
The original cause of action was instituted by Wilner Talan in his individual capacity. After the statute of limitations had expired for bringing a wrongful death action he attempted to amend his complaint and sue in a representative capacity. The action sought to be revived in the amended complaint was time-barred by the applicable statute of limitations and the amendment could not relate back.
The majority, I believe, misreads the authority found in Griffin v. Workman, 73 So.2d 844, 846 (Fla. 1954) and Bermudez v. Florida Power & Light Co., 433 So.2d 565 (Fla. 3d DCA 1983) because those causes were originally instituted in a representative capacity. This distinguishes them from the instant case wherein the cause was originally instituted in an individual capacity. In the cited authorities the defendants were put on notice of a potential claim by a representative of an estate within the applicable statute of limitations. In the instant cause this was not the case and I therefore feel the trial judge was eminently correct.