586 So.2d 1247 (1991)
In re the ESTATE OF Louis Anthony RETZEL, Deceased; and Ann E. Retzel, As Personal Representative of the Estate of Louis Anthony Retzel, Deceased, Appellant,
v.
CSX TRANSPORTATION, INC., Formerly Seaboard System Railroad, Inc., a Corporation; and National Railroad Passenger Corporation, D/B/a Amtrak, a Foreign Corporation, Appellees.
Nos. 89-2953, 90-0120.
District Court of Appeal of Florida, First District.
September 24, 1991.
*1248 Jefferson W. Morrow of David, Morrow & Edwards, P.A., Jacksonville, for appellant.
Andrew J. Knight, II of Taylor, Moseley & Joyner, P.A., Jacksonville, for appellees.
SMITH, Judge.
Appellant seeks reversal of an order dismissing with prejudice the complaint in her wrongful death action arising out of the death of her stepson, Louis Anthony Retzel, who was killed when he was struck by a train operated by appellees. Appellant also appeals an order entered by the circuit court, probate division, revoking letters of administration issued to appellant appointing her as personal representative of the estate of her deceased stepson. The two cases were consolidated for appellate review by this court. We reverse in both cases.
The essential facts are that on September 26, 1986, Louis Anthony Retzel was killed when he was struck by a train operated by appellees. He died intestate, being survived by his father, Ludwig W. Retzel, and his mother, Judy Turner.
On September 7, 1988, appellant filed a wrongful death action in the Duval County Circuit Court against CSX and Amtrak, alleging that she had been duly appointed as the personal representative of the decedent's estate. On that date, appellant had not been appointed as personal representative. In the complaint appellant also erroneously alleged that she was the mother of the deceased.
On September 12, 1988, appellant petitioned for letters of administration seeking her appointment as personal representative of the estate of her deceased stepson. In the petition she designated herself as mother, and did not name the natural mother, Judy Turner. Letters of administration were issued to her as personal representative.
Upon learning that appellant was not the decedent's natural mother, appellees filed a motion for summary judgment as to any claim of appellant, individually, in the wrongful death action. Prior to a ruling on the motion, appellant filed an amendment to her complaint clarifying her actual relationship to the deceased. The court granted the motion for summary judgment dismissing the claims of appellant in her individual capacity, reciting in the order, however, that it had no effect upon appellant's *1249 wrongful death claim in behalf of the estate.
Appellees also filed in the probate division a petition for revocation of the letters of administration and removal of appellant as personal representative of the decedent's estate. On October 2, 1989, the court granted the petition for revocation and removed appellant as personal representative, stating in the order that the letters of administration issued to appellant, and all actions by appellant as personal representative, were void ab initio.
On December 4, 1989, the court in the wrongful death action entered an order granting appellees' second motion to dismiss the wrongful death complaint, with prejudice, upon the grounds that appellant's appointment as personal representative had been revoked by the probate division, rendering all actions by her as personal representative void ab initio. The court further found that Florida Statutes, section 768.20 provides that a wrongful death action shall be brought by a decedent's personal representative, and that appellant lacked that status on the date she filed the complaint in view of the action of the probate court removing her as personal representative and revoking her letters of administration ab initio.
On October 9, 1989, appellant filed a motion for rehearing in the probate proceeding pointing out, among other things, that Judy Turner, the decedent's natural mother, had executed a written consent for appellant's appointment as co-personal representative, and had also requested her own appointment as co-personal representative of the estate as well. A copy of the written consent, which had been filed in the wrongful death action, was attached to the motion for rehearing. The motion also stated that the decedent's father, Ludwig W. Retzel, had consented to appellant's appointment as personal representative. A copy of the consent of Ludwig W. Retzel, which had also been filed in the wrongful death action, was attached to the motion for rehearing. The original of both of these documents is before this court in the record of the wrongful death action. In addition, prior to the probate division's ruling on the motion for rehearing of the order for removal of appellant as administrator, and prior to the civil division's order dismissing the wrongful death action with prejudice, the natural mother, Judy Turner, filed in the probate proceeding a petition seeking to have the court designate the acts of appellant as personal representative as acts of a curator for the estate, and requested the court to ratify appellant's acts in the best interest of the estate of the deceased.
On November 2, 1989, appellant filed an appeal of the order revoking her appointment as administrator. Thereafter, the circuit judge in the probate proceeding entered an order on appellant's motion for rehearing, declaring that in view of the pendency of the appeal, the motion for rehearing of the order of revocation was moot. Subsequently, after an order to show cause was issued by this court directing the parties to address the issue of jurisdiction of the appeal in view of the pending motion for rehearing, the circuit judge in the probate division on August 13, 1990 rendered an order denying appellant's motion for rehearing of the order of revocation.
Addressing the issues on appeal, we first observe, in passing, that under decisions of this court the dismissal of the wrongful death action, based upon revocation of appellant's appointment as administrator, was improper, in that the order revoking her letters of administration had not become final when the order of dismissal was entered. As noted above, the probate court first entered an order holding that the motion for rehearing was moot in view of the pendency of the appeal to this court. However, our decisions hold that a motion for rehearing timely filed before a notice of appeal for review of a final order, remains in effect and the appeal is in "limbo" until disposition of the motion for rehearing on the merits by the trial court. *1250 Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986); Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986); In the Interest of R.N.G., 496 So.2d 988 (Fla. 1st DCA 1986). The probate division's order finding that the motion for rehearing was "moot" was not a ruling on the merits. As also above noted, a final ruling on the merits, in which the court denied the motion for rehearing, was not entered until August 13, 1990.
Turning to the order revoking letters of administration, it is clear from the record as above related that at the time of the court's initial ruling, the order revoking appellant's appointment as personal representative was contrary to the expressed wishes of the decedent's natural father, who, but for his conviction of a felony, would have been entitled to preference in appointment equally with the decedent's mother. Moreover, at the time of the court's order denying appellant's motion for rehearing of the order of revocation, which had not become final until the motion for rehearing was ruled upon, the court was advised of the natural mother's consent to appellant's appointment, at least as co-personal representative, and of her desire to ratify appellant's actions as personal representative in behalf of the estate.
As argued by appellee below, and conceded by appellant here, the two cases relied upon by the trial court, In re Bush's Estate, 80 So.2d 673 (Fla. 1955), and In re Estate of Baker, 339 So.2d 240 (Fla. 3d DCA 1976), appear to empower the court to revoke letters of administration and declare an appointment of a personal representative void, ab initio, where an administrator had been appointed improperly by reason of failure to give the required notice to persons entitled to preference in appointment. It is less clear, from language in the Bush opinion, whether the power to void an appointment ab initio is permissive, or mandatory. At least one court, drawing upon the holding of the earlier decision in In re Williamson's Estate, 95 So.2d 244 (Fla. 1957), concluded that the language in Bush to the effect that the court lacks jurisdiction over a person who did not receive a required citation, "is not equivalent to holding that the order of appointment was void as distinguished from voidable." In re Cunningham's Estate, 104 So.2d 748 (Fla. 3d DCA 1958). We tend to agree with the Third District's interpretation, and would suggest that the "void ab initio" language of Bush must be reconciled with the statutory language of section 733.301(5), and with other cases, including In re Williamson's Estate, supra, and Griffin v. Workman, 73 So.2d 844 (Fla. 1954). In so doing, it is our view that Bush compels the voiding of letters of administration ab initio only where to rule otherwise would be detrimental to the estate or to persons having an interest in the estate. We note that in both Bush and Baker the parties seeking protection from the acts of the improperly appointed administrator were persons having preference in appointment under the statute.
We find no rational basis in the case law for holding that actions in behalf of and beneficial to an estate by an administrator appointed through some procedural irregularity must be declared void where such a result is adverse to the estate. It is noted that there is no statutory provision mandating such action by the court. Indeed, the only provision addressing revocation is found in section 733.301(5), which provides that if a person who was entitled to, and has not waived, preference over the person appointed at the time of his appointment, and upon whom formal notice was not served seeks the appointment, the letters granted "may be revoked" and the person entitled to preference may have letters granted to him after formal notice and hearing. Furthermore, our view is strengthened by the 1977 amendment to then section 733.401(3), Florida Statutes (1977) providing that mistaken noncompliance with any of the requirements of subsection (1) of the statute "shall not be jurisdictional." Section 733.401(1)(b) provides that "after the petition for administration is filed, the court shall appoint the *1251 person entitled and qualified to be personal representative." We are of the view that this language substantially erodes appellee's argument that the court below was required to void appellant's appointment ab initio.
We also disagree with appellee's contention that appellant's actions in securing appointment as personal representative in order to maintain the wrongful death action amounted to "fraud," justifying the court's action in declaring her appointment void ab initio. Although appellant was misguided in the means employed by her, we find nothing so improper in appellant's attempt to preserve a cause of action for the benefit of the estate as to warrant the voiding of her actions. In fact, appellant was married to the decedent's father, who, as noted above, but for his conviction of a felony, would have been entitled to appointment as administrator, and would have been entitled to maintain the wrongful death action himself. As above noted, he gave his written consent to appellant's appointment as administrator, and supported her efforts to maintain the wrongful death claim. Furthermore, the natural mother of the decedent failed for nearly two years to take any action, and only then objected to appellant's "continuing" as personal representative. She did not seek revocation of appellant's appointment, but instead, expressed a desire for the court to either appoint her, Judy Turner, or "some other suitable person." This was in effect a request for substitution of personal representatives, not a request for an order voiding appellant's appointment ab initio. Judy Turner thereafter consented to appellant's service as personal representative, albeit as a co-personal representative. Finally, Judy Turner requested that the court ratify actions taken by appellant as personal representative. The only party objecting to appellant's actions as personal representative, in the final analysis, is appellee, the defendant in the wrongful death case. The order voiding appellant's actions as personal representative, therefore, was contrary to the expressed wishes of both the father and the mother of the decedent, and adverse to the decedent's estate. The order must therefore be set aside as an abuse of discretion.
As we view the circumstances presented by the record here, the decision of the Florida Supreme Court in Griffin v. Workman, 73 So.2d 844 (Fla. 1954) also supports the position of appellant. The facts in that case are that a minor died intestate. His father instituted an action for damages to the minor's estate, the complaint being styled in the name of the father as administrator of the deceased. At the time of institution of the suit, the father was not in fact the administrator of the estate. Two days after the suit was filed, the father petitioned the county court for appointment as administrator. An order of appointment was entered, reciting that upon taking the oath prescribed by law and giving a specified bond, letters of administration would be granted. Thereafter, one of the defendants in the wrongful death action filed a motion to dismiss on the ground that no administrator had been appointed. Subsequently, the daughter of the deceased, with the father's consent, was appointed by the county judge and became duly qualified as administratrix of her decedent's brother's estate. She immediately filed a motion in the wrongful death action for leave to amend the complaint by substituting her name in the place of her father's. Without ruling on the motion for substitution, the circuit court granted the motion to dismiss the wrongful death suit. Still later, the daughter resigned as administratrix, and the father was then duly appointed and qualified as administrator. The motion for substitution of parties by the daughter was withdrawn, and the father filed a petition for rehearing, alleging that the delays and substitutions in the probate proceedings had been the result of illness and mistake. Appeal was taken from the original order of dismissal, and a subsequent order denying rehearing and specifying lack of capacity as the ground for dismissal. In reversing, the supreme court held that the circuit *1252 court committed reversible error in not allowing the cause to proceed after letters of administration had been properly entered in the probate proceedings, and in refusing to relate the issuance of letters back to the time of the beginning of the wrongful death suit. The court found that no fraud or inequity was involved, and no new cause of action would have been presented by allowing the father to prosecute the action to a conclusion. Further, stated the court:
We think, therefore, that the issue is ruled by the ancient doctrine "that whenever letters of administration or testamentary are granted they relate back to the intestate's or intestator's death. * * * The doctrine has been accepted with virtual unanimity, since it was promulgated, in a long line of cases." Annotation, 26 A.L.R. 1360. Under this doctrine "all previous acts of the representative which were beneficial in their nature to the estate and * * * which are in their nature such that he could have performed, had he been duly qualified, as personal representative at the time, are validated." 21 Am.Jur., Exec. & Admin., section 211; Schouler on Wills, Executors and Administrators, 5th ed., Vol. 2, p. 1176.
73 So.2d at 846.
In a similar case, Talan v. Murphy, 443 So.2d 207 (Fla. 3d DCA 1983), a father instituted a wrongful death action for the loss of his minor son without being appointed as personal representative. After the statute of limitations had expired, the father procured appointment as personal representative, and in this capacity, filed an amended complaint in behalf of his son's estate and on behalf of himself and his wife, individually, and as survivors of their son. The trial court entered a final summary judgment in favor of the defendants on the grounds that the amended complaint was barred by the statute of limitations, because not filed by the personal representative within two years of the child's death. The Third District reversed, finding that the alterations to the complaint relate back to the original filing. The court noted that when the father assumed the responsibility of bringing the action without having the appointment, he did so as an executor de son tort. Further, said the court: "When he was later appointed executor, his letter related back to the death of the intestate and his acts as executor de son tort were thereby validated insofar as they were acts he could have performed had he been duly qualified as a personal representative." 443 So.2d at 208.
In line with the foregoing cases, which follow the majority view, see, Annotation, 3 A.L.R.3d 1234, we hold that appellant's subsequent appointment as administrator related back to the filing of the complaint, and appellant, or any substituted personal representative duly appointed by the court, is entitled to go forward with the wrongful death action.
Both orders appealed are REVERSED, and the causes are REMANDED for further proceedings.
BOOTH and ZEHMER, JJ., concur.