667 So.2d 957 (1996)
Electa SMART, as personal representative of the Estate of Kenneth Smart, Appellant,
v.
Geoffrey MONGE, in his official capacity as Sheriff of Sarasota County, Appellee.
No. 95-02646.
District Court of Appeal of Florida, Second District.
February 14, 1996.
*958 James A. Tucker of Lee & Lee, Sarasota, for Appellant.
Jorge L. Fernandez, County Attorney, and Scott H. Carter, Assistant County Attorney, Sarasota, for Appellee.
PARKER, Acting Chief Judge.
Electa Smart appeals the trial court's order dismissing with prejudice her complaint against Geoffrey Monge, in his capacity as Sheriff of Sarasota County (the Sheriff), specifically arguing that the trial court erred in dismissing the complaint on the ground that Smart failed to comply with the section 768.28(6), Florida Statutes (1991), notice-of-claim requirement. We affirm because Smart's attorney failed to comply with that statute.
In 1990 Smart's son, a chronic asthmatic, was arrested for a probation violation and incarcerated in the Sarasota County Jail. Following a severe asthmatic attack at the jail, he died en route to the hospital. Smart filed a complaint against the Sheriff, individually, and in his official capacity, and against the Sarasota County Board of County Commissioners.[1] The Sheriff filed a motion to dismiss the complaint with prejudice contending that Smart failed to comply with the section 768.28(6) notice requirement. At the hearing on the motion to dismiss, Smart argued, as she does in this appeal, that a June 8, 1993, letter her attorney[2] sent to the Sheriff's legal advisor satisfies the section 768.28(6) notice requirement. The trial court held that the letter did not satisfy the statutory notice requirement and dismissed Smart's complaint against the Sheriff with prejudice.
Section 768.28(6) provides, in pertinent part, as follows:
(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; ....
The statute does not specify what is required to present a notice of claim beyond that it be in writing. Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla.1987). In Pearlstein, this court, citing Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982), noted that, in the context of sovereign immunity, it has been held that any manner of written notice that satisfactorily describes or identifies the occurrence underlying the claim should suffice.
The June 8, 1993, letter at issue here provides as follows:
 June 8, 1993
 Tom Scanlan, Esquire
 Legal Advisor
 Sarasota County Sheriff's Office
 P.O. Box 4115
 Sarasota, FL 34230
 Re: Kenneth Smart
 Date of Death: 4/5/91
Dear Mr. Scanlan:
It was a pleasure speaking with you in the above referenced matter. Please be advised that I have been retained by Mr. Smart's mother, Electa Smart. On her behalf I would like to make a formal request for all available documents concerning *959 Mr. Smart including any investigation into his death.
Should you require anything further from me in order to provide this information please advise. Thank you for your assistance and cooperation.
Relying on Whitney, Smart contends that the June 8, 1993, letter satisfies the statutory notice requirement because it sufficiently identifies the occurrence so that the agency could investigate it. We disagree.
While the letter identifies the incident, it does not in any way state a claim or demand against the Sheriff. Although the statute lacks specificity as to what is required to present a notice of claim, we conclude, at a minimum, the written notification must contain language notifying the agency of a claim; that is, a demand for compensation for an injury. See Mrowczynski v. Vizenthal, 445 So.2d 1099 (Fla. 4th DCA 1984). Because section 768.28 is a statutory waiver of sovereign immunity, it must be strictly construed. Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla.1983).
When the June 8th letter to the Sheriff's Office is compared to the letter Smart's attorney sent to the Chairman of the Sarasota County Board of County Commissioners notifying the Commissioners of her intent to file a claim, it becomes obvious that the June 8th letter lacks any language asserting a claim. In the letter to the Commissioners, the attorney, in part, stated:
You are hereby notified that Electa Smart, the natural mother of Kenneth Smart, on her behalf, and on behalf of the heirs of Kenneth Smart, intends to file a Tort Claims Action for money damages against the Florida Department of Corrections and Sarasota County under the Florida Tort Claims Act, Section 768.28, Florida Statutes 1991. The Claimant has employed this law firm to represent her in pursing this claim. All communications and notices should be directed to me, as Claimant's attorney....
That language, if directed to the Sheriff in writing, would have satisfied the statute. Instead, the June 8th letter to the Sheriff appears to be nothing more than a formal request for documents prepared by the Sheriff's Office relating to the son's death.
Affirmed.
BLUE and FULMER, JJ., concur.
NOTES
[1] Smart voluntarily dismissed with prejudice her complaint against Geoffrey Monge, individually.
[2] The author of the letter is not the attorney representing Smart in this appeal.