698 So.2d 568 (1997)
Edward BROWER, Appellant,
v.
STATE DEPARTMENT OF NATURAL RESOURCES, Appellee.
No. 96-01527.
District Court of Appeal of Florida, Second District.
July 18, 1997.
*569 Louis Vernell of the Law Offices of Louis Vernell, P.A., North Miami Beach, for Appellant.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Ft. Lauderdale, for Appellee.
NORTHCUTT, Judge.
The trial court entered final summary judgment against Edward Brower, the plaintiff below, on the ground that he had failed to give prior written notice of his claim to the defendant, the Department of Natural Resources (DNR), and to the Department of Insurance, as required by law. We hold that Mr. Brower gave adequate notice, and we reverse the summary judgment.
In October 1994, Mr. Brower filed a complaint against DNR and Collier County, alleging that he had suffered personal injury and property damage as a result of the defendants' negligence. DNR answered the complaint and raised the affirmative defense that Mr. Brower had not complied with the presuit notice requirements of section 768.28, Florida Statutes (1989).[1] It then filed a motion for summary judgment. Attached to the motion were letters Mr. Brower had furnished in response to DNR's request that he produce documents that would prove he had sent the statutory notice. DNR contended these letters established that it had not been given proper notice. The trial court accepted DNR's argument, and entered final summary judgment against Mr. Brower.
We agree with Mr. Brower's contention that he gave sufficient notice of his claim. One of the letters attached to DNR's motion was from Mr. Brower's attorney to a claims processor at the Department of Insurance. The pertinent portions of the letter are as follows:
 May 14, 1991
 * * * *
 Claimant: Brower, Edward I.
 Date of Incident: 03/25/91
 Your insured: Department of Natural
 Resources
 Your file No. GO3-91-101-TJ
 Dear Mr. Jertberg:
Per your request, this will confirm that this office is representing Edward Brower with respect to the captioned claim/incident.
Accordingly, this letter will serve to supplement prior oral/written notice to you and your insured, Department of Natural Resources, as to the occrrence (sic) of Mr.

*570 Bower's (sic) injuries and his claim therefor.
* * * *
cc: Department of Natural Resources.
In Smart v. Monge, 667 So.2d 957 (Fla. 2d DCA 1996), we examined whether a letter to a lawyer for the Sarasota County Sheriff's Office was sufficient to put the sheriff on notice of a potential claim. We held that the letter, while describing the incident, did not state a claim or demand against the sheriff, and was therefore insufficient to meet the notice requirements of section 768.28. We observed that, "at a minimum, the written notification must contain language notifying the agency of a claim; that is, a demand for compensation for an injury." 667 So.2d at 959. Here, the letter from the attorney identified Mr. Brower as a "claimant", and it advised the Department of Insurance of the occurrence of his injuries and of his "claim therefor." A copy of the letter was sent to DNR, the "appropriate agency," as required under section 768.28(6). This letter was not a model of how to give notice of a claim to a state agency, but it met the minimum requirements of Smart. The trial court erred in granting summary judgment against Mr. Brower for failure to provide DNR with the required presuit notice.[2]
Reversed and remanded.
PARKER, C.J., and FRANK, J. concur.
NOTES
[1] (6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing.... The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section....

(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action....
[2] In his brief, Mr. Brower also addresses the issue of whether he properly served the Department of Insurance with his complaint, as required in section 768.28(7), Florida Statutes (1989). DNR essentially concedes that this was not the court's reason for granting the summary judgment. In any event, Mr. Brower has now served the Department of Insurance, so his failure to perfect service is no longer an issue.