SHEVIN, J.
Hilda Otero appeals a final summary judgment entered in favor of defendant, City of Hialeah, for failure to comply with section 768.28, Florida Statutes (1997). We reverse.
Contrary to the City’s assertion, it is of no moment that the address on the notice, the Immaculate Conception Catholic Church, was not the precise location of the incident; rather, the incident occurred in front of the Immaculate Conception School.
[A] just claim, if one exists, should not be denied by the application of strained constructions and the imposition of requirements for minute detail where an examination of the entire notice reveals that it furnishes to the City officials adequate information within the framework of the statutory requirements in sufficient detail to enable them to make a thorough investigation of the asserted claim.
Magee v. City of Jacksonville, 87 So.2d 589, 591-92 (Fla.1956) (notice identifying 480-foot area of sidewalk sufficiently specific to survive summary judgment). The notice Otero provided the City was sufficient to allow the City to investigate, request more information, and make informed decisions regarding her claim. In fact, the City did ask Otero for additional information, to which Otero responded unreservedly. “As long as the notice describes the occurrence with sufficient detail to enable the [agency] to investigate, it fulfills the statutory requirement.” Metropolitan Dade County v. Coats, 559 So.2d 71, 72 (Fla. 8d DCA), review denied, 569 So.2d 1279 (Fla.1990). See Magee; Robinson v. City of Miami, 177 So.2d 718 (Fla. 3d DCA 1965); Monchek v. City of Miami Beach, 110 So.2d 20, 21 (Fla. 3d DCA 1959). Because the notice was sufficient to present Otero’s claim to the appropriate agency, Section 768.28(6)(a), Florida Statutes, and allow the City to investigate, summary judgment on this basis was error.
Accordingly we reverse the summary judgment and remand for further proceedings.
Reversed and remanded.