BROWNING, J.
Appellant appeals the circuit court’s dismissal of his wrongful death survivor’s claim, with prejudice. The claim was dismissed on grounds that it was time-barred because Appellant failed to give the State proper notice of his claim. Appellant argues that, pursuant to the wrongful death statute, only the personal representative of an estate may bring suit and give notice of claims, and that the original personal representative, and Appellant’s predecessor in interest, timely filed the initial complaint and gave the State timely notice of the *915 survivor’s claims. Accordingly, Appellant argues, the notice given by the original personal representative should be imputed to Appellant under the doctrines of relation back and substitution of parties, and Appellant’s claim should be considered timely. We agree and reverse.
The deceased, Calesha Cunningham (Ca-lesha) was born on October 2, 1990, during the marriage of Appellant and Gwendolyn Cunningham (Calesha’s mother). On December 9, 1992, Calesha was killed by one of her mother’s boyfriends. After Cale-sha’s death, Ricky Love (Love), a boyfriend of Calesha’s mother, was thought to be Calesha’s natural father. Consequently, Nakia Williams (Williams), Love’s sister, was appointed personal representative of Calesha’s estate.
On October 11, 1995, as personal representative of Calesha’s estate and pursuant to Chapter 768, Florida Statutes (1991), Williams gave timely notice to Appellee of the wrongful death claim against it by Love, as father and next friend of Calesha. On November 24, 1996, Williams filed the complaint. Appellee moved to dismiss the complaint and, in its answer brief, admitted it moved to dismiss on the ground that Calesha was born during her mother’s marriage to Appellant, thus creating the assumption that Appellant was Calesha’s father. On March 18,1998, Appellant filed a motion to be substituted as plaintiff on the ground that he was Calesha’s lawful father because he was married to Cale-sha’s mother at the time of Calesha’s birth, and his name appears on Calesha’s birth certificate. On December 18, 1998, Appellant’s motion for substitution in the wrongful death action was granted, and upon Appellant’s petition to the probate court, Williams was removed as personal representative, and Appellant was substituted.
On January 16, 1999, Appellant filed his first amended complaint, realleging the wrongful death action which had been timely filed by Williams, and substituting himself as the natural father and sole survivor claimant. Appellee moved to dismiss asserting Appellant’s survivor claim was barred by sovereign immunity, and time-barred pursuant to section 768.28(6), Florida Statutes (1991), because Appellant failed to give notice of the claim within three years after its accrual. The trial court dismissed Appellant’s survivor claim with prejudice, and in so doing, erred.
The legislative intent of the Wrongful Death Act (the Act) is to “shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer.” See § 768.17, Fla. Stat. (1991). The Act is “remedial and shall be liberally construed.” See id. The statutory mechanism for bringing a wrongful death action requires a single cause of action be brought by the personal representative, claiming each survivor’s damages as well as the expenses incurred by the estate. See § 768.20, Fla. Stat. (1991); see also Talan v. Murphy, 443 So.2d 207 (Fla. 3d DCA 1983). To waive sovereign immunity, the State must receive notice of each claim against it. See § 768.28(6), Fla. Stat. (1991); see also Metropolitan Dade County v. Reyes, 688 So.2d 311, 313 (Fla.1996). The purpose of the notice requirement is to provide the State and its agencies sufficient notice of claims filed against them and time to investigate and respond to those claims. See Reyes, 688 So.2d at 313; see also Kuper v. Perry, 718 So.2d 859, 860 (Fla. 5th DCA 1998). An action may not .be instituted on a claim against the State or one of its agencies unless the claimant presents the claim in writing to the appropriate agency. See § 768.28(6)(a), Fla. Stat. (1991). However, where notice effectively describes the occurrence giving rise to the distinct cause of action, plaintiffs not specifically named in *916 the written notice are not precluded from maintaining an action. See L.S.T. Inc. v. Crow, 884 F.Supp. 1355, 1359 (M.D.Fla.1993), citing Metropolitan Dade County v. Coats, 559 So.2d 71, 72-73 (Fla. 3d DCA 1990). Such notice is sufficient for maintaining an additional claim brought by subsequent amendment after the statute of limitations has run, and such amendment relates back to the filing of the original complaint. See City of Miami v. Cisneros, 662 So.2d 1272, 1274 (Fla. 3d DCA 1995) (under relation back approach, trial court properly permitted amendment of complaint to add parents as plaintiffs on morning of trial, though statute of limitations otherwise barred the claim; sole purpose of the amendment was to claim medical expenses incurred as a result of minor son’s injuries, and city had been aware of such medical expenses for a significant period of time)..
Similarly, when letters of administration are granted, they relate back to the intestate’s or testator’s death. See Griffin v. Workman, 73 So.2d 844, 846 (Fla.1954). If a personal representative was improperly appointed, the subsequent appointment of a substituted personal representative relates back to the filing of the original wrongful death complaint, and the substituted personal representative is entitled to go forward with the action. See Estate of Retzel v. CSX Transportation, Inc., 586 So.2d 1247, 1252 (Fla. 1st DCA 1991). “It follows, from the fact that the plaintiff can amend to reflect his capacity as personal representative, that claims for damages which are properly recoverable by the personal representative under section 768.21(6), Florida Statutes (1981) will also relate back.” Talan, 443 So.2d at 209 (claim was not time-barred where father brought wrongful death action without being appointed personal representative and, after statute of limitations ran, was appointed executor and amended the complaint also to assert claims for damages sustained by mother and estate damages not raised in the initial complaint); see also Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 2nd DCA 1971);[1] see also Fla.R.Civ.P. 1.190(c).
The Florida Supreme Court, in Griffin, supra, noted that “[wjhether the substitution of a party plaintiff, having capacity to bring the suit, in the stead of the original plaintiff who filed the action without capacity to bring the suit, is a change in the original cause of action depends entirely upon the allegations in the amended complaint.” Griffin, 73 So.2d at 847. “The mere substitution of parties plaintiff, without substantial or material changes from claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition.” Id. The Griffin court noted that an amendment that corrects the allegations in a complaint with respect to a plaintiffs capacity to sue relates to the “right of action,” as distinguished from the “cause of action.” See id. The Griffin court went on to explain that “[a] ‘right of action’ is remedial, while a ‘cause of action’ is substantive, and an amendment of the former does not affect the substance of the latter,” and does not prevent an amended complaint from relating back to the date of the filing of the original complaint for purposes of the statute of limitations. See id.
*917 Here, the notice given by Williams described the occurrence giving rise to the wrongful death action, and Williams’ notice to Appellee included the father’s survivor’s claim. Appellee was on notice that Appellant could bring a survivor’s claim, because it initially defended against the earlier survivor’s claim by arguing Appellant was Calesha’s presumptive father. Thus, Appellee received sufficient notice to maintain Appellant’s amended survivor’s claim substituting himself as father. See Cisneros, 662 So.2d at 1274. When Appellant was subsequently substituted as personal representative, his appointment related back to the original wrongful death complaint timely filed by Williams. See Griffin, supra; see also Retzel, supra. Because Appellant’s amendment seeking survivor’s benefits was recoverable only by the personal representative, that claim also related back. See Talan, supra. That Appellant substituted himself as the plaintiff and father having the capacity to sue, in the stead of Love, who lacked capacity to sue, did not constitute a change in the original cause of action. The amendment corrected only the allegations in the complaint with respect to Appellant’s capacity to sue, and thus corrected only the “right of action.” See Griffin, 73 So.2d at 847. Accordingly, the amendment related back to the filing of the original complaint for purposes of the statute of limitations. See id.
The trial court’s dismissal of Appellant’s survivor’s claim is REVERSED, AND the cause REMANDED for further proceedings consistent with this opinion.
LEWIS, J., concurs and PADOVANO, J., concurs with opinion.

. In Handley, supra, the Administrator brought a wrongful death action on behalf of the estate, and later attempted to add the guardian of the decedent’s son as a survivor. The court held the amendment related back, noting that Fla. R. Civ. P. 1.190(c) requires a liberal interpretation of the relation back rule. The court held the defendants were not prejudiced because they knew upon the filing of the original wrongful death claim that the decedent had a surviving child who might claim under the wrongful death statute.