NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FANNYE WILSON,                                    )
                                                 )
                    Appellant,                    )
                                                 )
v.                                               )          Case No. 2D15-3953
                                                 )
CITY OF TAMPA,                                    )
                                                 )
                    Appellee.                     )
                                                 )
_____ )

Opinion filed February 1, 2017.

Appeal from the Circuit Court for
Hillsborough County; Paul L. Huey,
Judge.

Thomas A. Burns of Burns, P.A., for
Appellant.

Julia C. Mandell, City Attorney, and Kristin
Serafin Ottinger, Assistant City Attorney,
City of Tampa, for Appellee.


CASANUEVA, Judge.

        Fannye Wilson challenges the trial court's order dismissing with prejudice

her complaint against the City of Tampa (hereinafter "the City").  The trial court

determined that prior to the commencement of her civil action, Ms. Wilson failed to

comply with the statutory requirement of presuit notice demanded by section 768.28(6),

Florida Statutes (2011).  Ms. Wilson advances two contentions of trial court error: first,

the trial court erred as a matter of law by determining that her presuit notice did not comport with the requirements of section 768.28(6) and, next, should this court conclude that the trial court did not err, its subsequent dismissal of her action with prejudice was an abuse of discretion and therefore error.

We conclude that Ms. Wilson's first contention is meritorious and hold that the trial court erred in its conclusion of noncompliance. Accordingly, it is unnecessary to reach the second contention's merits.

## I. FACTUAL BACKGROUND

Ms. Wilson filed suit against the City on March 12, 2015, alleging that on April 7, 2011, she was picking up trash in her yard at 1420 Jean Street in Tampa when a storm drain in the custody and control of the City suddenly and unexpectedly broke, causing her to fall into the sewer and become seriously injured.

Importantly, Ms. Wilson's complaint asserted that she properly filed the notice of claim as required by section 768.28. Through a motion to dismiss, the City challenged this assertion, contending the statutory notice requirement had not been met. The City claimed the notice was deficient in three respects: first, it did not provide a specific address for the storm drain's location; second, it did not state the time the incident occurred; and, finally, the notice failed to properly address the sex of Ms. Wilson. At the hearing on the motion to dismiss, the City abandoned the latter two bases of the motion. Therefore, the issue in this appeal is whether the notice was insufficient due to its failure to specify an exact street address.

## II. NOTICE OF CLAIM

Before instituting her action, on March 30, 2012, Ms. Wilson provided a written notice of claim by certified mail to the City's Risk Management Department. The notice provides her name, date of birth, and other identifying information. It also states that Ms. Wilson was injured when she was "clearing grass out of the yard," she stepped on a storm drain grate, and the grate broke. Regarding the location of the accident, the notice states:

> "Place of Accident: Jean St., Tampa, Hillsborough County, FL on 4/7/2011."

## III. SECTION 768.28

Section 768.28 is entitled, in part, "Waiver of sovereign immunity" and provides the process by which a sovereign may be sued for damages. Particularly, section 768.28(6)(a) provides:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, . . . within 3 years after such claim accrues and . . . the appropriate agency denies the claim in writing . . . .

It is not disputed that notice was provided in a timely manner in writing to the City. Rather, it is the sufficiency of the written notice that is at issue.

## IV. STATUTORY CONSTRUCTION

When interpreting legislative waivers of sovereign immunity, courts must strictly construe such waivers. Metro. Dade Cty. v. Reyes, 688 So. 2d 311, 313 (Fla. 1996). The polestar that guides our analysis regarding the construction and application of a statute is legislative intent. Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013). "Our statutory analysis begins with the plain meaning of the

actual language of the statute, as we discern legislative intent primarily from the text of the statute." Id.

The actual language of the statute, pertinent here, is the requirement that the "claimant presents the claim in writing." No other express requirement is demanded by subsection (6)(a). The plain language of the statute requires that written notice of a claim be given. This court has held that "at a minimum, the written notification must contain language notifying the agency of a claim; that is, a demand for compensation for an injury." Smart v. Monge, 667 So. 2d 957, 959 (Fla. 2d DCA 1996). Here, the notice does not lack a claim for compensation nor does the City assert the same is lacking.

This court also noted in Smart that "the statute lacks specificity as to what is required to present a notice of claim." Id. This lack of specificity was again recognized in LaRiviere v. South Broward Hospital District, 889 So. 2d 972, 974 (Fla. 4th DCA 2004). As of this date, no amendment to the statute has been enacted to elaborate further the requirements of notice and, therefore, we conclude the legislature has said what it meant and meant what it said. In accordance with the requirement that strict compliance with the statute is required, Vargas v. City of Fort Myers, 137 So. 3d 1031, 1034 (Fla. 2d DCA 2014), we hold that to strictly comply with the statutory notice demanded of section 768.28(6)(a), two express requirements must be met. First, the claim must be in writing, and second, it must assert a claim for compensation.

Therefore, in accordance with the plain language of the statutory text, we hold that Ms. Wilson's Notice of Claim has satisfied the two statutory requirements.

## V.  PREVIOUS INTERPRETATIONS OF SECTION 768.28

We would be remiss if we did not observe that over the years appellate case law has sought to give body to the legislative skeleton.  This court in Vargas observed that "[t]he notice 'must be sufficiently direct and specific to reasonably put the department on notice of the existence of the claim and demand.' "  Vargas, 137 So. 3d at 1034 (quoting LaRiviere, 889 So. 2d at 974).  The occurrence should be described so that the defendant may investigate the claim.  Id.

However, the lack of a precise address does not render the presuit notice defective.  In Otero v. City of Hialeah, 731 So. 2d 116, 117 (Fla. 3d DCA 1999), for example, the Third District stated, "[I]t is of no moment that the address on the notice, the Immaculate Conception Catholic Church, was not the precise location of the incident; rather, the incident occurred in front of the Immaculate Conception School."  This notice, the court determined, was sufficient to permit the City of Hialeah to investigate or to request more information.

In Otero, relying on Magee v. City of Jacksonville, 87 So. 2d 589, 591-92 (Fla. 1956), the court noted that a strained construction of the statute ought not to be used to preclude a claim.  731 So. 2d at 117.  "[T]he imposition of requirements for minute detail" is not required by the state.  Id. (quoting Magee, 87 So. 2d at 592).  In summary, decisional law requires that the notice be reasonable and that it must be substantially compliant with the statutory purpose.  Here, we conclude both were met.

Reversed with directions to reinstate the action.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.