# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-0531
LT Case No. 2021-CA-000411

_____

RICK STALY, as SHERIFF of
FLAGLER COUNTY, FLORIDA,

   Appellant,

   v.

NINA IZOTOVA,

   Appellee.

_____

On appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

William J. McFarlane, III and Joseph Clancy, of McFarlane Law,
McFarlane, Dolan & Prince, Coral Springs, for Appellant.

Edward S. Rue and Roman Diveev, of Rue & Ziffra, Port Orange,
for Appellee.

December 20, 2024

WALLIS, J.

   Rick Staly (Appellant) appeals a non-final order denying his
motion for summary judgment based on the finding that he was
not entitled to sovereign immunity. Because Nina Izotova
(Appellee) failed to comply with the requirements of section
768.28(6), Florida Statutes (2021), and the time for compliance has

passed, we reverse the order and remand for the entry of summary judgment in favor of Appellant.

On January 8, 2019, Appellee was involved in a car accident with an on-duty Flagler County Sheriff's Deputy. Appellee filed a one-count amended complaint against Appellant for negligence based on vicarious liability. The amended complaint alleged that all conditions precedent to filing the action had been performed, including specifically, and without limitation, providing notice of claims required by section 768.28.

The evidence shows that Appellee sent notices by certified mail to: the Florida Sheriff's Risk Management Fund, the City of Palm Coast, the City of Bunnell, Flagler County, and the State of Florida, Bureau of Consumer Assistance.

Appellant filed his answer and affirmative defenses, which included his defense that he was exempt from liability under sovereign immunity except to the extent that it was waived by section 768.28, and that Appellee had failed to satisfy all conditions precedent under section 768.28(6). Appellant later filed a motion for final summary judgment specifying that Appellee had failed to serve him or the Flagler County Sheriff's Office with notice of her claim as required by section 768.28. Appellant attached an affidavit from John LeMaster, General Counsel to the Sheriff's Office, swearing that neither Appellant nor his office had received proper notice of Appellee's claim.

In her response in opposition to the motion for summary judgment, Appellee argued that she had fulfilled all conditions precedent to filing the lawsuit, including the notice of claim as required by section 768.28(6). She attached, in part, emails from an employee of her attorney's firm to the Sheriff's Office, which were sent approximately one week after the accident. The first email stated as follows:

> Good afternoon,
>
> I was looking for a report
>
> Incident happened 1/8/2019

> Our client – Nina Izotova
>
> Accident occurred on SR 100 when a Flagler [Sheriff] Ran a red light and t-boned the client.
>
> Don't have much information I have attached the authorization with no case number, I am sorry I don't have that information.

The second email stated as follows:

> Good afternoon,
>
> I was advised by Ms. Cochran to contact you in regards to a client of ours, she was involved in a[n] accident with a Flagler Sheriffs, Sheriff on 1/8/2019
>
> Our client: Nina Izotova
>
> Accidented [sic] occurred on SR 100 when a Flagler Sheriff Ran a red light and t-boned the client.
>
> I have the incident report, not the crash report.
>
> My question is who do I send the LOR to, who handles the auto insurance for your Sheriffs?

Ultimately the trial court issued an Amended Order Denying Summary Judgment, finding that Appellee had satisfied the requirement of pre-suit notice pursuant to section 768.28(6)(a) by sending notices to various entities as well as the two emails to the Office of the Flagler County Sheriff, which contained detailed facts of the claim, affidavits, and other attachments. The court found that the communications sent to the Flagler County Sheriff's Office were sufficiently direct and specific to reasonably put the agency on notice of the existence of the claim and demand.

Section 768.28(6) states:

> (6)(a) An action may not be instituted on a claim against the state or one of its

3

agencies or subdivisions **unless the claimant presents the claim in writing to the appropriate agency**, and also, except as to any claim against a municipality, county, or the Florida Space Authority, **presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing**; except that, if:

. . . .

(b) **For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action** but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

(c) The claimant shall also provide to the agency the claimant's date of birth and social security number if the claimant is an individual . . . . The claimant shall also state the case style, tribunal, the nature and amount of all adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200, whether imposed by a civil, criminal, or administrative tribunal, owed by the claimant to the state, its agency, officer or subdivision. If there exists no prior adjudicated unpaid claim in excess of $200, the claimant shall so state.

(Emphasis added). The Florida Supreme Court has held that section 768.28 applies "to sheriffs as a separate entity or agency of

4

a political subdivision." *Beard v. Hambrick*, 396 So. 2d 708, 711 (Fla. 1981); *see also Pirez v. Brescher*, 584 So. 2d 993, 995 (Fla. 1991) (confirming that section 768.28 applies to sheriffs).

"To waive sovereign immunity, the State must receive notice of each claim against it." *Cunningham v. Fla. Dep't of Child. & Fams.*, 782 So. 2d 913, 915 (Fla. 1st DCA 2001). "The purpose of the notice requirement is to provide the State and its agencies sufficient notice of claims filed against them and time to investigate and respond to those claims." *Id.* A claimant may not institute a claim against the State or one of its agencies unless he first presents the claim in writing to the appropriate agency. *Id.* Thus, the notice requirement in section 768.28(6) does not affect a court's jurisdiction but, instead, is a condition precedent to the lawsuit. *See* § 768.28(6)(b), Fla. Stat.; *VonDrasek v. City of St. Petersburg*, 777 So. 2d 989, 991 (Fla. 2d DCA 2000). Furthermore, because section 768.28(6) is part of the statutory waiver of sovereign immunity, it must be strictly construed. *Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 212 (Fla. 1983); *see also Fagan v. Jackson Cnty. Hosp. Dist.*, 379 So. 3d 1213, 1215 (Fla. 1st DCA 2024). In order to strictly comply with section 768.28(6)(a), the claim must be in writing and it must assert a claim for compensation. *See Wilson v. City of Tampa*, 209 So. 3d 646, 649 (Fla. 2d DCA 2017); *Smart v. Monge*, 667 So. 2d 957, 959 (Fla. 2d DCA 1996).

We find the case at bar to be similar to *Smart v. Monge.* There, the Second District Court of Appeal found that a letter that identified the incident, but did not in any way state a claim or demand against the Sheriff, was insufficient to meet the notice requirements of section 768.28(6). Similarly, here, the two emails Appellee's lawyer's office sent to the Sheriff's Office identified Appellee, the date of the accident, and some other relevant information related to the accident, but did not notify Appellant that Appellee planned to file a claim against the Sheriff's Office or demand compensation for her injuries. Like the letter that was sent in *Smart*, the emails in the instant case appear to be nothing more than a request for information about the accident and the relevant automobile insurance provider. Consequently, they did not meet the requirements of section 768.28(6).

5

Moreover, the letters sent by Appellee to various other entities did not satisfy the requirements of section 768.28(6). When considering this issue, *City of Jacksonville v. Boman*, 320 So. 3d 931 (Fla. 1st DCA 2021), is instructive. The *Boman* court explained that:

> The relevant key phrase in section 768.28(6)(a) requires notice be presented to "the appropriate agency:" "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to *the appropriate agency . . . .*" (emphasis added). In context, the phrase "appropriate agency:" refers to the governmental entity whose employee's alleged negligence, wrongful act, or omission caused the plaintiff's alleged injuries or loss.

> . . . .

> The "appropriate agency" is the entity that would be liable for its employees' negligence or wrongdoing, and thus the proper named defendant in the contemplated tort action.

320 So. 3d at 936.

Based on *Boman*, "the appropriate agency" in this case would be Appellant (the Flagler County Sheriff's Office) because it was his employee's alleged negligence that caused the injuries in the car accident. Thus, based on the plain language of section 768.28(6)(a), Appellee was required to present the claim in writing to Appellant. She did not do so. Instead, she sent notices to the Florida Sheriff's Risk Management Fund, the City of Palm Coast, the City of Bunnell, Flagler County, and the State of Florida,

6

Bureau of Consumer Assistance. Therefore, Appellee failed to comply with the requirements of section 768.28(6)(a).[1]

We also find that Appellee failed to comply with the statute because she did not serve a notice on the Department of Financial Services ("DFS"). Appellee argues that her notice to the Bureau of Consumer Assistance satisfies section 768.28(6) because it is a subdivision of DFS. Notwithstanding this argument, nothing in the record establishes that the Bureau of Consumer Assistance is a subdivision of DFS or that their mailing addresses are the same. Additionally, Appellee cites no case law supporting her claims that notice to a subdivision of DFS qualifies as notice to DFS for purposes of section 768.28(6)(a). Because we must strictly construe this statute, Appellee's alleged notice to the Bureau of Consumer Assistance was insufficient to meet the requirements of section 768.28(6).

Because Appellee did not strictly comply with the notice requirements set forth in section 768.28(6), Appellant's sovereign immunity had not been waived. Additionally, because the time for compliance with the statute has passed, the trial court should have granted Appellant's Motion for Summary Judgment. *See Lederer v. Orlando Utils. Comm'n*, 981 So. 2d 521, 526 (Fla. 5th DCA 2008) (affirming summary judgment in favor of appellee where appellant failed to provide notice of claim to DFS within three years after the accident occurred as required by section 768.28(6)); *see also Broward Cnty. Sch. Bd. v. Joseph*, 756 So. 2d 1077, 1078 (Fla. 4th DCA 2000) (explaining that failure to provide notice as required in section 768.28(6) was fatal to Joseph's claim because statutory time for notice had passed and he could never satisfy conditions precedent to filing suit against School Board). Therefore, we reverse and remand with instructions that the trial court enter summary judgment in favor of Appellant.

---

[1] We reject without comment Appellee's argument that notice to the Florida Sheriff's Risk Management Fund was notice to Appellant.

REVERSED and REMANDED with instructions.

MAKAR and HARRIS, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––